BUTLER BROS. v. HIRZEL et al.

(Supreme Court, Appellate Division, First Department. November 20, 1903.)

1. GOODS SOLD AND DELIVERED—PLEADING—VARIANCE.

Where the complaint in an action for goods sold and delivered alleged that plaintiff sold goods of a certain value and at an agreed price, and that defendants promised and agreed to pay for the same, but failed to do so, a showing that there was no actual delivery, but that delivery was prevented by defendants' refusal to receive the goods at the time and place when and where they were ordered, did not constitute a failure of proof, but plaintiff was entitled to recover thereunder.

2. SAME—MATERIALITY.

In the absence of any showing that defendants were misled, the variance between the pleadings and proof respecting a delivery was not material.

**8. TRIAL—SUBMISSION TO COURT.**

Where, in an action for goods sold and delivered, counsel left it to the court to determine whether, as a matter of law, there was a delivery, and seemed content to have the case depend upon the decision of that point alone, the trial judge, though deciding that there was no delivery, was not thereby debarred from directing judgment for plaintiff on the ground that proof of delivery was not necessary under the allegations of the complaint.

Van Brunt, P. J., dissenting.

Appeal from Trial Term.

Action by Butler Bros. against Charles E. Hirzel and another. From a judgment for defendants, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George Ryall, for appellants.

Lorenzo Ullo, for respondents.

PATTERSON, J. At the trial of this action the complaint was dismissed, substantially on the ground that the cause of action therein set forth was not proven. The plaintiffs, a corporation, sought to recover the purchase price of merchandise which it alleged it sold and delivered to the defendants. A contract between the parties was proven. It consisted of an order in writing given by the defendants to the plaintiffs, and which, among other things, contains the following: "Please board the ss. 'Allianca,' Pier 57 N. R. on or before October 6th, goods marked and numbered as follows." The articles ordered are then set forth in a schedule. The plaintiffs accepted the order, packed the goods in boxes, and within the required time carried them to the steamship at Pier 57 North river, where acceptance was refused by the defendants through a Mr. Calvert, who directed the plaintiffs' truckman to take them back, and declared that they would not be received. There was no actual delivery of the goods by a transfer of possession from the plaintiffs to the defendants or to the carrier. Under those circumstances the plaintiffs sued for goods sold and delivered. There can be no question that an actual delivery was not made. At the close of the trial, by consent of the parties, the case was taken away from the jury, and the issues were left to the determination of the court, counsel agreeing, as the record states, "that the only question for decision is whether, as matter of law, there was a delivery of the merchandise"; and "decision of such question was under like agreement left to the court, after each side had formally moved for a direction in their favor." The court decided that, as matter of law, there was no delivery, and judgment was directed dismissing the complaint on the merits.

It is now contended by the plaintiffs that they are entitled to recover for goods sold and not in fact delivered; not upon the ground that there is in the proofs a good excuse shown for nondelivery, but upon the theory that there was in law a delivery sufficient to authorize a recovery under the allegations of the complaint. If the question were to be determined by a strict adherence to common-law rules of pleading, the complaint may have been properly dismissed. Where goods are sold and delivered, the mode of recovering the price at

common law is by an action on the common count, which charges indebtedness for goods, chattels, and effects sold and delivered to the defendant at his request. To support that action, the plaintiff must prove delivery. In Outwater v. Dodge, 7 Cow. 85, it was held that, where a contract to deliver goods is unexecuted by a delivery, the vendor in a suit for the price must declare on the special contract, and cannot recover upon a general count for goods sold and delivered. See, also, Bradley v. Wheeler, 44 N. Y. 405; Stearns v. Washburn, 7 Gray, 189; Hart v. Tyler, 15 Pick. 171. The common-law rule proceeded upon the theory of a failure to prove the cause of action alleged in the declaration; but now, in an action for goods sold and delivered, the seller may, upon tender of performance upon his part and demand of payment, and refusal of the purchaser to perform, treat the property as belonging to the defendant, and sue for a recovery of the price agreed to be paid. Mason v. Decker, 72 N. Y. 596. He is entitled to recover the price when he shows not only that the purchaser failed to pay, but that he himself was ready and offered to deliver the goods. Dunham v. Mann, 8 N. Y. 513. In the case at bar the merchandise was selected in accordance with the order given, and that order was for specific goods. They were packed, sent to the appointed place of delivery, and tendered. The title passed to the defendants, and the plaintiffs did everything they could do to entitle them to the agreed price. The allegation of the complaint is broad enough to cover such a case, for it is alleged that the plaintiffs sold goods, wares, and merchandise of the value and at the agreed price, and that the defendants promised and agreed to pay for the same, but they failed to pay the amount agreed upon, or any part thereof. The omission to prove an actual delivery was not an absolute failure of proof, for the contract and the refusal of the defendants to perform were alleged. The variance between the pleadings and the proof respecting a delivery was not material under the rule of law which now obtains. A variance is not material unless it has actually misled the adverse party to his prejudice in defending the action upon the merits; and that the party was misled must appear and be proved to the satisfaction of the court. Where the whole allegation to which the proof is directed is not proved, not in some particular or particulars, but in its entire scope and meaning, it is not a case of variance, but a failure of proof. Sections 539–541, Code Civ. Proc. Here there was enough proof to maintain the action for the price of the goods. No affidavit was presented that the defendants had been misled, and hence there was no material variance, and an amendment of the complaint was not necessary. Place v. Minster, 65 N. Y. 89.

The only difficulty in the present case consists in the fact that counsel on both sides left it to the court to determine whether, as matter of law, there was a delivery, and thus it seems that plaintiffs' counsel was content to have the fate of the case depend upon the decision of that point alone. But the learned trial judge has considered the whole case, and has held that the complaint was not sufficient as one to recover the price of merchandise under an agreement of purchase and sale, and he says that, if the action had been brought in

that form, it may be that the plaintiffs would have been entitled to judgment. We think that, as the proofs made out such a case, the allegations of the complaint were sufficient, there being no claim that the defendants were misled, and that the learned judge should have directed judgment for the plaintiffs, and that he was not debarred from doing so by reason of the submission of the one question to him for determination. The judgment is on the merits.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I think the judgment was correct in view of the case now submitted to the Justice for decision. I dissent.