ROSENFELD v. CENTRAL VERMONT RY. CO.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

1. CARRIERS—CONTRACT OF SHIPMENT—AGENCY—EVIDENCE.

Where, in an action for a breach of contract of carriage from a point outside defendant's line, it appeared without dispute that defendant had no office, agent or servant at the point of shipment, the delivery of the goods at the depot at such point to a man whose cap bore defendant's name, was insufficient to establish the agency of such person.

2. SAME—COMMON-LAW LIABILITY—ISSUES—VARIANCE.

In an action against a carrier for a failure to deliver goods, the complaint and bill of particulars alleged a breach of special contract of shipment from a point outside defendant's line to a point thereon. The proof failed to show a special contract, but established only the receipt by defendant as a connecting carrier of the shipment which plaintiff's evidence tended to show at that time contained the goods which were not delivered. Held, that judgment for plaintiff was based on defendant's common-law liability as a forwarder, rather than on the contract alleged.

3. SAME—CONVERSION OF GOODS—NONDELIVERY—EVIDENCE.

Proof of nondelivery of goods by a carrier without proof of wrongful disposition or withholding, is not sufficient to establish a conversion.

4. SAME—CONTRACT OF SHIPMENT—ISSUES—VARIANCE—FAILURE OF PROOF.

In an action for the nondelivery of goods the complaint and bill of particulars alleged the breach of a special contract of shipment. The evidence entirely failed to show a contract, but tended to prove defendant's common-law liability as a connecting carrier. The jury were charged that plaintiff must prove the making of the contract. Held, that a verdict and judgment in favor of plaintiff could not be sustained by rejecting as surplusage the allegations as to contract, and treating the action as sounding in tort.

5. PLEADING—FAILURE OF PROOF—FAILURE TO AMEND.

At the close of plaintiff's evidence and at the close of all the evidence, defendant moved for dismissal, on the ground that the cause of action alleged had not been proved, but plaintiff did not amend. Held, that under Code Civ. Proc. § 541, providing that where an allegation is unproved in its entire scope and meaning, it constitutes a failure of proof, the judgment for plaintiff would be reversed.

Appeal from Trial Term, Queens County.

Action by Morris Rosenfeld against the Central Vermont Railway Company. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Martin S. Lynch, for appellant.
Abraham B. Schleimer, for respondent.

MILLER, J. The plaintiff has recovered a judgment for the failure of the defendant, a common carrier, to deliver a case of goods to the consignee at the point of destination, and the appellant insists that although timely objection was made, a recovery was allowed to its prejudice upon a cause of action not alleged. The complaint, as limited by the bill of particulars, alleges the breach of an express contract made by the defendant in the city of Chicago to safely carry said case of goods and deliver it to the consignee at Monteville, Conn., and in default thereof to pay its value, pursuant to which the plaintiff as owner is alleged to have delivered the same to the defendant. No proof what-

ever was offered of any express contract made by the defendant at Chicago or elsewhere, nor of the delivery of the goods to the defendant at Chicago, and it appeared without dispute that the defendant maintained no office in Chicago, had no agents or servants there, and that its line extended simply from New London, Conn., to St. Johns, Quebec. The plaintiff testified that he delivered the goods at the Union Line Depot in Chicago (evidently meaning the Union Star Line), to a man on whose cap were the words "Central Vermont Railroad Company." In view of the undisputed evidence, this statement, even if true, was not sufficient to establish the agency of such person.

It appeared that the Pennsylvania Railroad controlled the freight of said "Union Star Line," and it is undisputed that the goods if shipped at all must have been shipped via the Pennsylvania Railroad from Chicago to New York, and the New York, New Haven & Hartford Railroad from New York to New London; from which point, the defendant became the forwarder. The defendant received from the New York, New Haven & Hartford Railroad at New London a quantity of goods consigned to one M. Winaker; Montville, Conn., and delivered the same to the plaintiff at said point of destination, but the defendant denied that the case, which the plaintiff claimed was contained in said shipment, was ever received by it. The plaintiff sought to establish the fact of possession of the goods in the defendant by his own testimony to the effect that he saw the case in a car at the defendant's station at Montville, and by alleged admissions contained in a certain expense bill given by the defendant's agent at Montville to the plaintiff. A portion of this evidence was objected to as contrary to the contract set forth in the pleadings and bill of particulars. The defendant's attorney stated in effect during the trial that he had prepared to meet only the cause of action alleged, and moved, both at the close of the plaintiff's case and of the entire evidence, for a dismissal on the ground that the cause of action set forth in the complaint and bill of particulars had not been proved.

It must be manifest that the plaintiff was permitted to recover upon the liability which the defendant assumed as forwarder, whereas the complaint had distinctly alleged an express contract made by the defendant as initial carrier. While the respondent practically concedes that the complaint does set forth a cause of action for breach of such express contract, he seeks to sustain the judgment by the claim that the allegations of breach of contract may be rejected as surplusage and that the action may be treated as one sounding in tort. There is no allegation in the complaint of negligence. There is an allegation, however, that "the defendant appropriated the said case of goods to its own use and benefit in disregard of the said agreement," but there is no proof to sustain this allegation, because mere proof of nondelivery, without proof of a wrongful disposition or withholding, is not sufficient to establish a conversion by a carrier. Magnin v. Dinsmore, 70 N. Y. 410, 26 Am. Rep. 608. Moreover, upon the defendant's request, the court charged the jury:

"That if the plaintiff has failed to prove his cause of action as alleged, to wit, the making of a contract with the defendant or its agent at Chicago their verdict should be for the defendant."

Tested by this charge, it is manifest the verdict cannot stand because there is no evidence in the record to support it. Nor do I think we should overlook the total failure to prove the cause of action alleged, which is more than a mere variance or defect. To guard against surprise, the defendant moved for a bill of particulars, which was ordered, and by which the plaintiff limited himself to proof of an express contract made at Chicago as the basis of his cause of action. The defendant denied the making of such contract, and was only required to meet, upon the trial, the issue thus tendered, and yet it now finds itself with a judgment against it based upon its common-law liability as a forwarder implied from the delivery to it of the goods by a connecting carrier, and established upon the trial by evidence tending to prove that the goods were at some time in its possession. Nor is the appellant's contention based upon a technicality, because to ignore it requires us to disregard the office of both the complaint and the bill of particulars. It is now too late for the respondent to contend that the appellant was not prejudiced. Had he moved for an amendment when apprised of the fatal defect in the proof, the question would have been presented to the trial court whether an amendment would prejudice the rights of the defendant and upon what terms it could be granted in justice to both parties; but while pleadings are liberally construed and immaterial variances or defects disregarded, and in a proper case the pleadings amended to conform to the proof, when timely objection is made at the trial a judgment cannot be sustained on appeal if the cause of action alleged is unproved in its entire scope and meaning. Section 541, Code Civ. Proc.; Southwick v. First National Bank, Memphis, 84 N. Y. 420.

An appeal from an order denying a motion for a new trial, on the ground of newly discovered evidence was argued with the appeal from the judgment, and while we cannot, and, of course, do not, consider the papers used on such motion in determining this appeal, I refer to such motion here because it furnishes an apt illustration of the wisdom of the rule which requires the complaint to contain a "clear, precise, and unequivocal statement of the facts constituting each cause of action," thereby preventing its use as a means of concealment and deception. Upon the motion, the defendant produced the affidavits of the agents of the Pennsylvania Railroad at Chicago and at Jersey City, and of the New York, New Haven & Hartford Railroad at New York, attached to which affidavits are copies of the original shipping receipt made on receipt of the goods at the Union Star Line in Chicago, and of the waybills made at different stages of the route between Chicago and New London, from which it appears that the only shipment of goods in any manner corresponding to the shipment claimed to have been made by the plaintiff was a shipment of eight parcels, corresponding exactly to the eight parcels or packages received by the defendant, and delivered by it to the plaintiff, and not including the case claimed by the plaintiff to have been lost. It is difficult to suppose that the plaintiff was ignorant of the fact that the defendant's liability, if liability there was, rested solely upon its obligation as a forwarder by reason of the delivery to it of the goods at New London by the connecting carrier. Had not the defendant been led to suppose that it could suc-

cessfully defend by meeting the issue tendered, and had the complaint contained a plain, concise, and unequivocal statement of the facts upon which the plaintiff actually relied, in the exercise of due diligence, the defendant should have discovered and produced this proof upon the trial, which if believed by the jury would, to say the least, have cast grave suspicion upon the honesty of the plaintiff's claim.

Having prepared to meet the issue tendered by the pleadings, a defendant should not be put to the necessity of moving for a new trial on newly discovered evidence to meet an issue not tendered, and for this reason we have considered the appeal from the judgment rather than the appeal from the order denying the motion for a new trial on the ground of newly discovered evidence.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.