Order of the Surrogate's Court of Westchester county modified by inserting a provision imposing a tax of five per cent on the personal property bequeathed to Lucretia W. Corey and Edgar F. Wheeler, and as modified affirmed, without costs.

---

RICHARD GIBBONS, as Surviving Partner of the Firm of MICHAEL GIBBONS & SON, Appellant, *v.* THE BUSH COMPANY, LIMITED, Respondent.

Second Department, November 16, 1906.

Statute of Limitations — injunction in supplementary proceedings against partner individually — effect on limitation of action on claim — when running of statute not stopped by bankruptcy of partner — appointment of trustee.

The appointment of a receiver in proceedings supplementary to execution on a judgment for an individual debt and an injunction therein granted restraining the judgment debtor from interfering with his property, does not operate to prevent an action by him as surviving partner to recover on a claim of the partnership. Hence, such injunction is ineffective to stop the running of the Statute of Limitations on a cause of action belonging to the partnership.

If the contention that the appointment of such receiver prevented action by the judgment debtor as surviving partner be tenable then he is not the real party in interest in a suit on the partnership claim, the right having vested in the receiver.

The same considerations apply to the contention that a former adjudication in bankruptcy against the plaintiff individually and the appointment of the temporary receiver barred an action by him as surviving partner and hence stopped the running of the statute on a partnership claim.

Even if on the appointment of such temporary receiver the order inadvertently vested him with the partnership assets, which error was corrected on the final adjudication, the running of the Statute of Limitations on a partnership claim was only stopped during the receivership, and if with that period added the claim is outlawed, there can be no recovery thereon.

APPEAL by the plaintiff, Richard Gibbons, as surviving partner, etc., from a judgment of the Supreme Court in favor of the defend-

ant, entered in the office of the clerk of the county of Kings on the 23d day of February, 1905, upon the report of a referee dismissing the complaint upon the merits.

*George W. McKenzie,* for the appellant.

*Dean Emery,* for the respondent.

Judgment affirmed, with costs, on the opinion of William J. Carr, Esq., referee.

HIRSCHBERG, P. J., WOODWARD, HOOKER, RICH and MILLER, JJ. concurred.

The following is the opinion of the referee:

CARR, Referee:

The motion to dismiss the complaint in this action has been argued so elaborately and briefed by both counsel with so much industry that I feel it my duty to make a short expression of the views which have determined my course in deciding the motion. This motion is made on two grounds, as follows: *First,* that the causes of action set up in the complaint of the plaintiff are barred by the judgment in a prior action brought by him against the same defendant. *Second,* that the causes of action set up in the complaint are barred by the Statute of Limitations.

Both of these defenses are set up in the answer of the defendant and their effect is properly before me at this moment, both as a matter of directing the order of proof which is vested in me as referee, and by the express consent of the respective counsel. In arriving at my determination to dismiss the complaint, I have not thought it necessary to base my action upon the first ground of objection. I am not prepared to say that the present cause of action is not to a very great extent barred by the former judgment, still I do not feel so strongly impelled to dismiss the complaint on that ground alone. It is certainly the case that the present cause of action was at one time one of the causes of action before the court in the prior suit, and that it would have been within the power and duty of the court in the prior suit to have decided this cause of action if it had not been voluntarily discontinued by the plaintiff. Numerous authorities may be cited to the effect that under such circumstances the former judgment is a bar to the trial of this action. I feel con-

strained, however, by the recent opinion of the Appellate Division in *Koeppel* v. *Macbeth* (97 App. Div. 299), and, therefore, do not decide the motion upon that point. As to the second ground, namely, the Statute of Limitations, I cannot escape from the conclusion that either the cause of action set up in this complaint is barred by the Statute of Limitations or that the plaintiff in this action is not the real party in interest and cannot maintain this action. It appears that the cause of action set forth in the present complaint had matured prior to June 1, 1896, and that the present action was brought by the service of a summons on October 15, 1902, leaving a period of six years four months and fifteen days as having elapsed since the cause of action matured. The defendants have pleaded the Statute of Limitations; and it has become incumbent upon the plaintiff to establish such facts or circumstances as take his causes of action out of the scope of the statute. This burden he has attempted to discharge by showing that on the 25th day of May, 1900, an order was entered in the Supreme Court in Kings county in the action of William Keennan against Richard Gibbons, appointing Daniel E. Delevan "Receiver of all the property, debts, equitable interest, rights and things in action, effects and estate, real and personal, of the said Richard Gibbons, the judgment debtor, and all sums owing to him." This injunction order further provided as follows: "And said defendant, the judgment debtor, his agents and attorneys, and all others are hereby forbidden from making or suffering any transfer or other disposition of or interference with the property of the said judment debtor, or in which said debtor is in any wise interested, excepting in obedience to this order, until the further order and direction of this Court in the premises." This order appointing a receiver appears to have been made in proceedings supplementary to execution against Richard Gibbons in an action brought against him as an individual to recover an individual obligation. At the time of its entry, and long prior thereto, Richard Gibbons was the surviving partner of a firm known as M. Gibbons & Son. M. Gibbons had died, leaving the partnership affairs to be administered by the survivor, Richard Gibbons. It is contended by the plaintiff in this action that the injunction clause contained in the order appointing the receiver applied to

him as a surviving partner of the firm of M. Gibbons & Son, and restrained him from commencing any action against this defendant, or any other person, to recover any debts or obligations claimed to be due to the copartnership of M. Gibbons & Son; and that, therefore, under section 406 of the Code of Civil Procedure the Statute of Limitations did not run against him as a surviving partner of M. Gibbons & Son as long as this injunction order stood unvacated. It appears in this case that the injunction order in question is still unvacated. In that event the present action is brought in contempt of the injunction order, if that order applies. It has been held that notwithstanding an action has been brought in contempt of an order of injunction the fact of such contempt is no defense to the action, and that the matter of the contempt and the punishment therefor is one which concerns alone the court which granted the order. ( *Wilkinson* v. *First Nat. Fire Ins. Co.,* 72 N. Y. 499.) At the same time it is quite apparent to me that the injunction clause in the order appointing the receiver was simply auxiliary to the appointment of the receiver and covered only such property of the defendant judgment debtor, whether tangible or choses in action, as was vested in the receiver by virtue of the order appointing him. It has been held repeatedly that all injunction orders are to be construed in favor of the purpose sought to be subserved by the granting of the order, and that, no matter how general the terms of the order in question, it was not to be construed in such a manner as to prevent any action on the part of the party enjoined which in no wise concerned the party procuring the injunction or which would have redounded to the advantage of such party. ( *Wilkinson* v. *First Nat. Fire Ins. Co., supra*; *Van Wagonen* v. *Terpenning,* 122 id. 222.) Notwithstanding the general language of this injunction order, it is quite apparent that it would not have restrained the action of Richard Gibbons as an executor, or as an administrator or as the trustee of an express trust. Neither would it have restrained his action as a surviving partner of the firm of M. Gibbons & Son, unless his legal title to the choses in action of M. Gibbons & Son was of such a character as to be divested from him and transferred to the receiver by virtue of the entry of the order in question. The learned counsel for the plaintiff has submitted several authorities which he claims declare

the rule that a surviving partner takes all the assets and choses in action of the copartnership by virtue of a legal title, subject only to a duty to account to the personal representatives of the deceased copartner and to the creditors of the copartnership; and that such legal title may be reached and controlled in proceedings supplementary to an execution against him individually. If this view be carried to the extent to which it is urged by the learned counsel for the plaintiff, then the assets and choses in action of the firm of M. Gibbons & Son were so vested in Richard Gibbons, as surviving partner, as to be transferable from him to his individual receiver, subject to a duty upon the part of such receiver to account to the partnership creditors and the representatives of the deceased partner. Now, as the order appointing the receiver in question had never been vacated and is still in full force, it becomes apparent at once that either said order did not interfere with Richard Gibbons as a surviving partner of the firm of M. Gibbons & Son in any way, or it divested him entirely of all legal title to the assets and choses of action of that firm. The result of such a situation is either that Richard Gibbons as a surviving partner of the firm of M. Gibbons & Son was not at all enjoined from prosecuting any cause of action which the firm of M. Gibbons & Son might have against any of its debtors, or that Richard Gibbons, as a surviving partner of the firm of M. Gibbons & Son, is not the real party in interest in this action, and cannot maintain the same.

As a further argument against the running of the Statute of Limitations in this action, the plaintiff has shown that in May, 1900, proceedings were instituted in bankruptcy against him as an individual by individual creditors in the United States District Court for the eastern district of New York, and that on May 4, 1901, an order was entered appointing a temporary receiver of the "said Richard Gibbons, individually and as surviving member of the firm of M. Gibbons & Son," which order directed that the receiver in question should "immediately take possession of all the property and effects, real and personal, of every nature and name, of the said Richard Gibbons, individually and as the surviving member of the firm of M. Gibbons & Son, and hold and administer the same according to law." There was a further provision in the order as follows: " Ordered, that all persons or corporations indebted to the said Rich-

ard Gibbons, individually and as surviving member of M. Gibbons & Son, in any manner, shape or form, and all persons or corporations, or officials holding or having any money, funds or properties of said Richard Gibbons, individually or surviving member of the firm of M. Gibbons & Son, on deposit or otherwise, do refrain, and they and each of them are hereby enjoined, from in any manner disposing of the same to any person or persons, corporation or corporations, save and excepting to said Receiver, without further order or leave of this Court, to be had and obtained only upon notice to the respective parties or their counsel in this proceeding, and all such moneys, funds and properties shall be paid over to and delivered to said Receiver." On the 8th day of July, 1901, Richard Gibbons, as an individual, was declared and adjudged a bankrupt by order of the United States District Court, duly entered on that day. On January 7, 1902, an order was entered in the same court in the same proceedings which reads as follows: " In the Matter of Richard Gibbons, a bankrupt, Hearing on order to show cause why a petition and order of adjudication should not be amended by including Richard Gibbons as surviving partner of the firm of M. Gibbons & Son. Motion denied, and ordered that all orders based on the assumption that the Court had jurisdiction of the old firm of Michael Gibbons & Son be vacated." It is contended by the learned counsel for the plaintiff that from May 4, 1901, until the entry of the order of January 7, 1902, in the United States District Court, Richard Gibbons, as a surviving partner, was enjoined and restrained from prosecuting this or any other similar action for the period of eight months and three days, and hence that the present action falls within the provision of section 406 of the Code of Civil Procedure. The order appointing the temporary receiver in the bankruptcy proceedings contains no express language of injunction against Richard Gibbons as a surviving partner. It is true that it contains very express language of injunction against any debtor of the firm of M. Gibbons & Son paying any sum due to that firm to the surviving partner, or any person other than the temporary receiver ; and it might be urged that by fair implication the surviving partner was equally restrained from any attempt by him to collect any obligation due the firm of M. Gibbons & Son. I do not see that this state of facts differs in its legal effect in any-

way from the state of facts and law heretofore discussed in relation to the injunction order in supplementary proceedings. The bankruptcy proceedings were instituted against Richard Gibbons as an individual, and according to well settled law the court at no time acquired any jurisdiction over the assets of the firm of M. Gibbons & Son, of which Richard Gibbons was the surviving member. (*Matter of Mercur*, 122 Fed. Rep. 384.) It is well settled that an order adjudicating a partner individually a bankrupt confers on no one any authority to interfere with the copartnership assets. Assuming, however, that Richard Gibbons as a surviving partner was enjoined from proceeding to wind up the affairs of the copartnership of M. Gibbons & Son by virtue of the order appointing a temporary receiver of his individual property, still that order had force and effect only during the pendency of the proceedings to adjudge him a bankrupt; and, unless the final adjudication was of such a character as to uphold the order for further use, it fell when the adjudication was made. Richard Gibbons was adjudged a bankrupt individually on July 8, 1901, and the so-called injunction in the order appointing a temporary receiver had no further force or effect after the adjudication than was necessary to protect the individual property of the bankrupt until the appointment and qualification of the trustee in bankruptcy; but the order adjudicating Richard Gibbons individually as a bankrupt had no force or effect whatever upon the assets, whether tangible or choses in action, of the firm of M. Gibbons & Son, as the court which made the order had absolutely no jurisdiction over the firm of M. Gibbons & Son, and in its final judgment attempted to exercise none. (*Matter of Mercur, supra.*) In my judgment, assuming that Gibbons as a surviving partner was enjoined pending the adjudication, the injunction ceased with the adjudication, and the period of this assumed injunction would be two months and four days, which would not be sufficient time to take the present action outside the scope of the Statute of Limitations. I feel confident that at no time had the court in bankruptcy any jurisdiction whatever to interfere with the assets of the firm of M. Gibbons & Son or with Richard Gibbons as its surviving partner, and that the language in the order appointing the receiver which attempted to interfere with the assets

of M. Gibbons & Son was wholly unauthorized. (*Boonville Nat. Bank* v. *Blakey*, 107 Fed. Rep. 891.) The last order made in the bankruptcy proceeding shows quite conclusively that the court admitted its lack of jurisdiction, and that the prior order must have been obtained by inadvertence. In any event, whether it enjoined Richard Gibbons as a surviving partner or not, no injunction continued beyond the date of the adjudication in bankruptcy under the circumstances of this case. If the nature of the title held by Richard Gibbons as a surviving partner was such as to be subject to the court in bankruptcy proceedings against him individually it would pass to his trustee; and then, of course, Richard Gibbons, as the surviving partner of M. Gibbons & Son, would not be now the real party in interest in this action and could not maintain the same in the face of the defense set up in the answer to that effect. I am loath to decide this motion on grounds so purely technical, but the defenses interposed by the defendant's answer are sanctioned by law, and I feel it my moral duty not to even attempt to strain against them. I do this all the more willingly because the condition of the record in this action is such that these fundamental questions which lie at the threshold of the case may be speedily and inexpensively submitted to an appellate court. It seems to me that practically every question involved in this point of the bar of the Statute of Limitations has been passed upon adversely to the plaintiff in *Bush Co., Ltd.* v. *Gibbons* (87 App. Div. 576).

The motion to dismiss the complaint is granted.