BAUMAN v. TANNENBAUM.

(Supreme Court, Appellate Division, First Department.  May 8, 1908.)

1. PLEADING—VARIANCE—WAIVER.

Plaintiff, a real estate broker, sued to recover commissions for procuring a satisfactory customer for the purchase or exchange of defendant's brickyard, but the proof showed that the brickyard was owned by a corporation, and that defendant and his wife owned 76 per cent. of the stock, and that it was his interest, and not the brickyard, that defendant had agreed, and afterwards refused, to transfer to plaintiff's customer. *Held* that, in the absence of any objection by defendant to the evidence of the agreement to transfer the stock instead of the brickyard, the variance was waived, and could not be taken advantage of for the first time on a motion to dismiss at the close of plaintiff's evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1438–1444.]

2. SAME—AMENDMENT TO CONFORM TO PROOF.

The variance being immaterial and harmless, the court should have granted plaintiff's application for leave to amend to conform to the proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 603–619.]

3. APPEAL—VARIANCE—OBJECTIONS.

An objection that the proof tends to establish a different cause of action than that alleged in the pleading is essential to raise the question of variance amounting to failure of proof; a simple motion to dismiss the complaint on the ground that plaintiff has not made out a cause of action being insufficient.

4. SAME—MOTION TO DISMISS.

A motion to dismiss a complaint because plaintiff has failed to prove the cause of action alleged is not sufficient to raise a question of variance where the evidence has been introduced without objection, and defendant has attempted to meet it by proof on his part without protest.

Appeal from Trial Term.

Action by Adolph Bauman against Lippman Tannenbaum.  From an order setting aside a verdict for plaintiff, he appeals.  Reversed, and verdict reinstated.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles L. Hoffman, for appellant.
Edwin C. Vogel, for respondent.

HOUGHTON, J.  The plaintiff by his complaint alleged that he was employed by the defendant as a real estate broker to procure for him a customer for the purchase or exchange of a certain brickyard; that he procured parties ready and willing to exchange at defendant's price for other property at a price satisfactory to defendant; and that defendant subsequently refused to sign the contract whereby plaintiff had earned his commission.  The answer was, in effect, a general denial. On the trial the plaintiff proved the hiring, and that he procured parties willing to make an exchange, and that he with such parties and the defendant visited the brickyard, situated in New Jersey, and that, when they all returned, the defendant took them to the office of his own lawyers, and had a contract of exchange prepared, which was to be sign-

ed the following day. On the next day the defendant refused to sign it, although the other parties were willing so to do. It transpired in the course of the proof that the brickyard in question was owned by a corporation, 76 per cent. of the stock of which the defendant or his wife owned. In the course of his testimony, the defendant admitted that he told the parties that this was all the interest which he owned or controlled, or could give in exchange, and the draft of the contract provided that this 76 per cent. of the stock was the interest to be exchanged for the real property specified. The defendant did not object to the introduction of this draft of contract, and on several occasions after its introduction he objected to any oral testimony leading up to the contract on the ground that all prior negotiations were merged in the written instrument. At the close of plaintiff's evidence, a motion was made to dismiss the complaint on the ground that the plaintiff had failed to establish the cause of action alleged in his complaint, or any cause of action, and this motion was renewed at the close of the evidence, and both such motions were denied. The plaintiff then moved to be permitted to amend his pleading in conformity with the proof as to the 76 per cent. of the stock being agreed to be exchanged, instead of the brickyard property itself, and on objection of defendant the court refused to permit the amendment. The jury found a verdict for the plaintiff, which the court set aside on the ground that there was a fatal variance between pleading and proof.

We think the learned trial court was in error in setting aside the verdict. The defendant did not take timely objection to the proof of plaintiff that the basis of exchange was not the entire brickyard, but only 76 per cent. of the capital stock of the corporation owning it. The defendant told the parties with whom he was negotiating the exchange that he was trading the stock, and they agreed to accept it, and that was the basis of exchange reduced to writing which the defendant subsequently arbitrarily refused to sign. All parties understood in the negotiations that it was the stock that was being exchanged, called worth a stipulated sum, in payment for which the parties procured by plaintiff were willing to exchange their property on an agreed basis. There was not a total failure to prove the cause of action alleged. It was a mere harmless variance, immaterial because the defendant was not, and could not be, misled. It was a case in which the trial court was entirely authorized to grant an amendment to conform to the proof. That motion having been denied, and the defendant not having been misled to his prejudice, the plaintiff's recovery should not have been disturbed. Butler Brothers v. Hirzel, 87 App. Div. 462, 84 N. Y. Supp. 693, affirmed 181 N. Y. 520, 73 N. E. 1120; Martin v. Home Bank, 160 N. Y. 190, 54 N. E. 717.

The difficulty is that defendant permitted the proof to be introduced without objection, and met it on his own part by proof which confirmed the plaintiff's contention. Had he objected when the evidence was offered that a different cause of action than that set forth in the complaint was attempted to be proved, quite another question would have been presented. In Rosenfeld v. Central Vermont R. Co., 111 App. Div. 371, 97 N. Y. Supp. 905, and in Hill v. Weidinger, 110 App. Div. 683, 97 N. Y. Supp. 473, and in Smith v. City of Auburn, 88 App. Div.

396, 84 N. Y. Supp. 725, and kindred cases, upon which he relies, objection was made to the proof when it was offered, on the ground that it tended to prove a cause of action not alleged in the complaint. Objection that the proof tends to establish a different cause of action than that alleged in the pleading is essential to raise the question of variance amounting to failure of proof, and a simple motion to dismiss the complaint on the ground that the plaintiff has not made out a cause of action is insufficient. Gillies v. Improvement Co., 147 N. Y. 420, 42 N. E. 196. Nor do we think that a motion to dismiss the complaint on the ground that plaintiff has failed to prove the cause of action alleged is sufficient where the evidence has been introduced without objection and the defendant has attempted to meet it by proof on his part without protest. It is too late for him, then, to say that the issues are different from those which he has voluntarily litigated. In our view the learned trial court fell into error in setting aside the verdict, and it should be reinstated.

The order should be reversed, with costs. All concur.