ROTHSCHILD et al. v. HARRIS et al.

(City Court of New York, Trial Term. October, 1910.)

1. NEW TRIAL (§ 66*)—ISSUES—VARIANCE.

Plaintiffs sued defendants for $500 for goods sold, being the difference between $2,816.27, the agreed value, and payments on account amounting to $2,316.27. Defendants pleaded that prior to the commencement of the action they had paid plaintiffs $2,815.13, and for a counterclaim alleged an overpayment for other goods amounting to $498.96. On the trial without objection defendants offered in evidence a check for $500, made by defendants and admitted to have been received by plaintiffs, for which no credit was given. Held that, on verdict for defendants, plaintiffs were not entitled to a new trial on the theory that under the pleadings, even though the jury found for defendants under the counterclaim, plaintiffs were at least entitled to $1.14, since under the case tried the jury were entitled to find that the $500 check paid the claim sued on.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 132–134; Dec. Dig. § 66.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 398*)—ISSUES, PROOF, AND VARIANCE.

A variance is not material, unless it has actually misled the adverse party, to its prejudice in maintaining or defending the action on the merits.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1338; Dec. Dig. § 398.*]

3. PLEADING (§ 430*)—VARIANCE—WAIVER.

Where plaintiffs offered evidence to meet proof offered by defendants which was not within the issues, plaintiffs cannot object to the variance on a motion for a new trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1438–1441; Dec. Dig. § 430.*]

4. PLEADING (§ 237*)—VARIANCE—AMENDMENT.

Where the parties without objection try a case to a jury different from that made by the pleadings, it is not essential that a request to amend the pleadings to conform to the proof be made at the close of the case; such amendment being authorized at any time, even after judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 605; Dec. Dig. § 237.*]

5. TRIAL (§ 139*)—DIRECTED VERDICT.

It is only where the evidence is uncontradicted, or is so preponderating in one direction that a verdict to the contrary indicates that the jury has been actuated by favor, prejudice, or passion, that the court is justified in taking the case from the jury and deciding the facts itself.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 338–340; Dec. Dig. § 139.*]

Action by Alexander Rothschild and another against Isaac Harris and another. On motion for a new trial by plaintiffs after verdict for defendants. Denied.

House, Grossman & Vorhaus (Herman Joseph, of counsel), for plaintiffs.

Jacob Rieger, for defendants.

FINELITE, J. The jury found a verdict in favor of defendants. On the rendition thereof the plaintiffs made a motion upon the minutes to set aside the verdict and for a new trial, upon the exceptions taken at the trial, and because the verdict was contrary to the evidence and contrary to law, and upon all the grounds specified in section 999 of the Code of Civil Procedure.

The facts are as follows: That in the city of New York, on the 9th and 22d days of December, 1909, the plaintiffs sold and delivered to defendants goods, wares, and merchandise at the agreed value of $2,-816.27. That the defendants paid on account thereof the sum of $2,316.27, leaving a balance due and owing to said plaintiffs in the sum of $500, with interest from December 22, 1909. The defendants admit that they paid the plaintiffs the sum of $2,316.27, and state that prior to the commencement of this action the defendants paid to the plaintiffs the sum of $2,815.13 for the goods sold and delivered to them, and as and for a counterclaim that between December 1, 1908, and April 1, 1909, both dates inclusive, defendants bought from the plaintiffs goods, wares, and merchandise amounting to the sum of $8,365.20, and between March 9, 1909, and May 14, 1909, these defendants paid

the plaintiffs the sum of $8,864.06, thereby overpaying said plaintiffs for said goods, wares, and merchandise the sum of $498.86 by inadvertence and oversight, and that said sum of $498.86 had been received by said plaintiffs for the use and benefits of these defendants.

The jury having found a verdict in favor of defendants, the plaintiffs contend that the jury should have found in their favor for at least $1.14 as the amount sued for, being the sum of $500, and, if the jury concluded to offset the amount alleged to have been overpaid by defendants to plaintiffs in the sum of $498.67, the plaintiffs would still be entitled to the first above-mentioned sum. But in this contention the plaintiffs are mistaken. There was admitted in evidence, without objection (and on cross-examination of Newman, one of the plaintiffs herein), a check, dated March 9, 1909, for the sum of $500, made by defendants, and which said witness admitted receiving, and no credit given to the defendants for the same; plaintiffs contending that the amount of this check was given to him as a guaranty by defendant Harris to secure part of an indebtedness due by the Yale Waist Company, debtors of plaintiffs, of which a member thereof being a brother-in-law of defendant Harris. Said check was, however, retained by plaintiffs, and no credit therefor given to defendants, and no objection being made by plaintiffs when check was marked in evidence. And although the attention of the respective counsel was drawn to the fact by the court that, by offering evidence as to the manner in which this check was given, they were deviating from the pleadings in this action, plaintiffs' counsel nevertheless persisted in offering proof in reference to this check and the guaranty as aforesaid, thereby abandoning the pleadings and litigating a different issue before the jury.

No objection was interposed by plaintiffs when the various payments made by defendants to the plaintiffs were admitted in evidence, and the jury by their verdict concluded that the $500 check paid to plaintiffs was an overpayment, and not given to secure the alleged guaranty as plaintiffs contend. There was no necessity, where no objection is made, for a motion to have the pleadings amended to conform to the proof, when parties litigate the action on a different theory in which the action had been predicated. If objection was timely made to proof offered being different from the proof required under the pleadings as framed, a different question would present itself. A variance is not material unless it has actually misled the adverse party to its prejudice in maintaining or defending the action upon its merits; and that the party was misled must appear and be proved to the satisfaction of the court. Where the whole allegation to which the proof is directed is not proved, not in some particular or particulars, but in its entire scope and meaning, it is not a case of variance, but a failure of proof. Sections 539–541, Code Civ. Proc.; Butler Bros. v. Hirzel et al., 87 App. Div. 462, 84 N. Y. Supp. 693, affirmed 181 N. Y. 520, 73 N. E. 1120; Martin v. Home Bank, 160 N. Y. 190, 54 N. E. 717.

Here there was sufficient proof to maintain the defense that there was an overpayment, and the check for $500 retained by the plaintiffs was more than ample to cover the plaintiffs' claim as found by the jury. No affidavit was presented by the plaintiffs that the proof offered by defendants misled them; and hence there was no material

variance, and an amendment of the answer was not necessary. Place v. Minster, 65 N. Y. 89. The plaintiffs offered evidence to meet the proof offered by the defendants, and it is too late for them now to say that the issues are different from those which they have voluntarily litigated. Baumann v. Tannenbaum, 125 App. Div. 770–772, 110 N. Y. Supp. 108. The plaintiffs lay great stress upon the failure of the defendants in not requesting the court, after the close of the case, to have the pleadings amended to conform to the proof. The jury are directed to find a verdict in accordance with the proof, and the court may subsequently, if it will, go through the formal process of amending the record so as to cause a technical conformity to the facts. Such an amendment supplies nothing new, but is simply in the interest of formality and regularity, and may take place at any time after the verdict, whether before or after judgment, as it only regards the substance and not the form.

The evidence having been submitted to the jury on the issues raised, and the jury having found a verdict in favor of the defendants, it cannot now be disturbed by the court. The parties have a right to try the case before the jury, and to have its judgment as to the facts, and they cannot be deprived of such right. It is only where the evidence is uncontradicted, or is so preponderating in one direction that a verdict to the contrary would indicate that the jury was actuated by favor, prejudice, or passion, that the court is justified in taking the case from the jury and determining the facts itself. Where there is a fair conflict in the evidence, and where there are witnesses on either side whose credibility is to be determined, especially where the witnesses are parties to or interested in the action, where there are documents, papers, and letters, and circumstances sworn to by witnesses, the effect of which is to be determined and the inferences from which are to be drawn, the questions of fact must be determined by the jury and not by the court. These principles of law are so well settled that no citation of authorities therefor are necessary. We have only to apply them to the evidence of this case.

The motion for a new trial must therefore be denied.