GROSS v. R. & S. OUTFITTING CO.

(Supreme Court, Appellate Term, First Department. February 18, 1913.)

1. TRIAL (§ 105*)—TAKING CASE FROM JURY—INCOMPETENT EVIDENCE.

Though the statements of an officer of defendant to plaintiff's attorney several days after service of the summons and complaint, in an action for goods sold and delivered, that the bill was due and he wanted to pay it, but he desired an extension of time, was incompetent, it not being part of the res gestæ, and not being binding on defendant, yet evidence thereof being admitted, without objection on that account, and there being no motion to strike it, and it being uncontradicted, there could not be a dismissal for want of proof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105;* Evidence, Cent. Dig. § 2430.]

2. INJUNCTION (§ 205*)—ORDER—OPERATION AND EFFECT.

An injunction order forbidding plaintiff to collect or receive an account, but expressly permitting his attorneys to collect it and retain in their possession the money collected, is not to be construed as forbidding him to bring action on the account.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 424–426; Dec. Dig. § 205.*]

3. INJUNCTION (§ 216*)—ORDER—DEFENSE IN ANOTHER COURT.

That one brought the action in disobedience of an injunction order of another court is no defense.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 216.*]

Page, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Moses Gross against the R. & S. Outfitting Company for goods sold and delivered. From a judgment for defendant and from an order denying a motion to vacate the judgment and order a new trial, plaintiff appeals. Reversed and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Bogart & Bogart, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellant.

Louis J. Frey, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff's attorney testified that an officer of the defendant company came to him two or three days after the summons and complaint were served, and told him that the bill was due, and he wanted to pay it, but he desired an extension of time. The complaint was for goods sold and delivered, and, if this admission of the officer had been binding on the corporation, I think it would have constituted a valid admission of the cause of action alleged in the complaint. It is true that the evidence was incompetent, for it was not part of the res gestæ, and was not binding on the defendant. The defendant, however, did not object to the testimony on this ground, and the testimony was admitted, and no motion was ever made to strike it out. I do not think that with this testimony in the case and undenied the trial justice had any authority to dismiss for failure of proof.

[2, 3] The defendant also claimed that the plaintiff had no power to bring this action because he was enjoined by the bankruptcy court from collecting this account. The injunction order forbids the plaintiff from collecting or receiving this account, but it expressly permits his attorneys to collect the account and to retain in their possession the moneys so collected. I do not think that this order can be construed as forbidding the plaintiff from bringing an action on the account. Its intention in my opinion was to permit such an action if the amount of the judgment be received by the attorneys. In any event, however, the question whether the injunction is disobeyed concerns only the court which issued the injunction. Gibbons v. Bush Co., Ltd., 115 App. Div. 619, 101 N. Y. Supp. 721.

Judgment should therefore be reversed and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

PAGE, J. I dissent on the ground that the plaintiff wholly failed to prove his case.