E. V. WEBB and DIBRELL BROS., INC., Trading as E. V. WEBB & COMPANY, Appellants, *v.* A. FRIEDBERG and MAX FRIEDBERG, Copartners, Trading as A. FRIEDBERG & BRO., Respondents.

First Department, July 1, 1921.

Pleadings — action to recover price of goods sold — evidence admitted without objection establishing purchase of part of goods by plaintiffs as agent for defendants — amendment of complaint on trial should have been permitted — recovery under complaint without amendment not authorized — judgment in favor of plaintiffs reversed though proper in part, so as to save to plaintiffs benefit of attachment.

Where in an action to recover the purchase price of goods sold and delivered evidence is presented and admitted without objection on the part of the plaintiffs showing that as to a part of the claim the goods were purchased

by the plaintiffs as agent for the defendants and the plaintiffs' claim as to that part is for the price of the goods in addition to commissions, the plaintiffs should be permitted on the trial to amend their complaint to conform to the proof.

The judgment, which as to a part of the cause of action was in favor of the plaintiffs, should be reversed and a new trial granted, for if the judgment is permitted to stand as to that part of the cause of action in question here, which is in favor of the defendants, because of a technical defect in the complaint, the plaintiffs will lose the benefit of a warrant of attachment and the levy thereunder against the defendants, who are non-residents.

APPEAL by the plaintiffs, E. V. Webb and another, from so much of a judgment of the Supreme Court in their favor, entered in the office of the clerk of the county of New York on the 14th day of April, 1921, upon the verdict of a jury rendered by direction of the court, as disallows certain of their claims against the defendants.

*James A. O'Gorman [George Gordon Battle* and *Leon N. Futter* with him on the brief; *O'Gorman, Battle & Vandiver,* attorneys], for the appellants.

*Charles H. Sachs [Edward N. Perkins* with him on the brief; *Rhinelander, Durkin & Perkins,* attorneys], for the respondents.

LAUGHLIN, J.:

The complaint is in two counts. The first is for the agreed price and the second for the fair and reasonable value of tobacco alleged to have been sold and delivered by the plaintiffs to the defendants. The amount claimed in each count is the same, namely, $61,101.63, less $11,060.13 paid on account, and judgment is demanded for $50,041.50, the balance, together with interest. Eight separate items are involved in the action. The first two items related to two invoices of tobacco by the plaintiffs to the defendants on the 10th of December, 1919, the third to ·tobacco so invoiced on January 3, 1920, and the fourth to tobacco so invoiced on the 29th of January, 1920. With respect to those four items the evidence is uncontroverted that the sales by the plaintiffs to the defendants were of tobacco owned by· the plaintiffs

First Department, July, 1921. [Vol. 197

at the time of the transactions, and for them a recovery has been allowed by the verdict as directed. With respect to those items the invoices contained no charges for commissions by the plaintiffs and no commissions have been recovered. Two of the remaining items relate to tobacco claimed to have been invoiced by the plaintiffs to the defendants on the 10th of February, 1920. The remaining items relate to invoices of tobacco claimed to have been made by the plaintiffs to the defendants on the 11th of February, 1920. With respect to those four items the evidence on the part of the plaintiffs, which stands uncontroverted and was received without objection or exception, shows that the plaintiffs were employed by the defendants as commission agents to purchase and handle the tobacco including drawing it through a machine and packing it in hogsheads; that they so purchased it paying cash therefor and so prepared it and placed it in a warehouse and invoiced it to the defendants by invoices showing the purchase price and their charges for commissions, which were the customary charges for such services, and transmitted to the defendants the invoices and warehouse receipts for the tobacco showing that it had been paid for and was held for the defendants, and that the defendants had insured the tobacco as their own. If this were a sale by plaintiffs these facts would show sufficiently that title had passed to defendants and that they had accepted the tobacco (*White* v. *Schweitzer*, 221 N. Y. 461, 465; *Turner-Looker Co.* v. *Aprile*, 195 App. Div. 706) and they sufficiently show performance on the theory of agency in purchasing to entitle plaintiffs to recover. The plaintiffs at the close of their evidence asked leave to amend the complaint by alleging for their commissions on account of the purchase of this tobacco and that as agents for the defendants they advanced and paid the purchase price thereof. Defendants objected, but did not claim surprise. The motion was denied and plaintiffs excepted. The defendants then moved for a dismissal of the complaint in so far as it related to these four items on the ground that the complaint proceeded on the theory of sales of tobacco by the plaintiffs to the defendants, and that the evidence instead of showing such sales showed that the plaintiffs as to those transactions acted as the agents of the defendants, and that

since the evidence did not conform to the allegations of the complaint, plaintiffs could not recover therefor. That motion was denied and thereupon the defendants rested and both parties moved for a direction of a verdict and it was stipulated that the jury might be discharged and that briefs be submitted and that the court might direct a verdict without the presence of a jury. The court thereafter directed a verdict for the plaintiffs as has been stated. The evidence to the effect that the plaintiffs purchased and paid out their own money for the tobacco, which was received without objection or exception, was not germane to the issues as presented by the complaint and answer, and since no objection was interposed to the evidence, it was competent for the trial court to allow the amendment requested, which was properly formulated and presented (*Baumann* v. *Tannenbaum*, 125 App. Div. 770), and we think it should have been allowed. The appellants claim that these items having been eliminated on the defendants' motion for the direction of a verdict in their favor thereon, and not on their motion to dismiss the complaint as to them, the plaintiffs were entitled without amending the complaint to the benefit of all the evidence received without objection, and there are authorities tending to support that contention. (See *Oneida Bank* v. *Ontario Bank*, 21 N. Y. 490; *Frear* v. *Sweet*, 118 id. 454; *Gillies* v. *Improvement Co.*, 147 id. 420; *Butler Brothers* v. *Hirzel*, 87 App. Div. 462; affd., 181 N. Y. 520; *Gross* v. *R. & S. Outfitting Co.*, 140 N. Y. Supp. 115.) But the plaintiffs by thus endeavoring to amend recognized that the cause of action shown was on a contract of agency to represent defendants in purchasing the tobacco, and doubtless the defendants rested, without offering any evidence, relying on the denial of plaintiffs' motion to amend, and it is quite probable that the verdict for defendants as to those items was directed on the theory that plaintiffs were not entitled to recover therefor without amendment. We are of opinion, therefore, that the defendants should be afforded an opportunity of meeting the plaintiffs' case on the theory presented by their proposed amendments, which should have been allowed. Counsel for appellants now contends that they were entitled to recover under the complaint without any amendment, but we think not, for the evidence shows

a contract of agency only with an agreement by plaintiffs to hold the tobacco for defendants for a limited period. The defendants were non-residents of the State, and on that ground the plaintiffs obtained a warrant of attachment and made a levy thereunder. Of the benefit of that warrant of attachment and levy they will be deprived if the judgment is allowed to stand, and they might be unable to obtain jurisdiction over the defendants here in another action. Defendants offered no evidence. They should not be permitted to defeat plaintiffs' right to recover, which has been plainly shown, on this technical point of pleading, for it is manifest that they must have well understood that the plaintiffs had paid for the tobacco and that their only liability therefor was to the plaintiffs. It follows that the judgment should be reversed and a new trial granted, with costs to appellants to abide the event, with leave to plaintiffs to amend as requested on the trial.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide event, with leave to plaintiffs to serve amended complaint within twenty days from entry of order.