Robert J. Gray, Respondent, *v.* Francis T. Walton, Appellant.

Unless otherwise expressed in the contract, the vendor, on a sale of chattels, is bound to deliver them to the purchaser where they are at the time of sale, on performance by the latter of the terms of sale.

At an auction sale by defendant of the furniture, etc., of a hotel, made on the premises, plaintiff purchased various articles on separate bids. It was announced by the auctioneer at the opening of the sale that the goods must be removed before the first of May, as the lease expired on that day. A bill of items was delivered to plaintiff, in which there was an overcharge as to one of the articles. This mistake was called to the attention of the auctioneer and plaintiff offered to pay the true amount, but the mistake was not corrected until May second, when plaintiff paid the bill to the auctioneer who paid the money over to defendant, but on calling at the hotel plaintiff was unable to obtain the goods. In an action to recover their value *held*, that the terms of sale did not relieve defendant from the obligation to deliver, except on the contingency that the purchaser failed to complete the purchase before May first; that plaintiff was excused from making payment before that time, the delay having been occasioned by the neglect and default of the defendant in making the correction in the bill; that as the sale, although comprising distinct articles, purchased on separate bids, was treated by the parties as one transaction, plaintiff could not be held to have been in default as to any portion; that, therefore, plaintiff was entitled to recover; and that his measure of damages was the value of the goods on May second.

Also, *held*, it was no answer to plaintiff's claim that he might have tendered the true amount and thus have entitled himself to a delivery before May first; that he was not bound to do this, and having offered to comply with the terms of sale, was not in default.

(Argued October 12, 1887; decided October 28, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 8, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict. (Reported below, 20 J. & S. 534.)

This action was brought to recover the value of certain goods purchased by plaintiff at auction sale of the furniture and fixtures of the St. James Hotel, in the city of New York, which belonged to defendant. The sale took place on the 24th and 25th days of April, 1883. It was conducted by an auctioneer under the direction of the defendant. The terms of sale were as follows: "A satisfactory deposit required from all purchasers. All goods must be fully paid for before being removed; and if not paid for within twenty-four hours after the sale, the deposit will be forfeited, the sale annulled and goods resold for account of the purchaser. All goods are sold as they are and no allowance will be made for damaged articles. All goods must be removed at purchaser's own cost and risk. Sale will also be made subject to terms as stated at time of sale."

It was also proved by the auctioneer and by his clerk, that it was distinctly announced at the opening of the sale, and several times during the sale, that the goods would have to be removed before the first of May, on account of the property then going into the possession of parties other than the defendant. The fact of such announcement having been so made was uncontradicted, and was held by the court to be an undisputed fact in the case.

A bill of the articles purchased was made out and delivered to the plaintiff on the evening of April twenty-sixth. This bill the plaintiff claimed was erroneous in that he was therein charged with the sum of $50 for each of two washing machines, when in fact as he contended, he had purchased both for the sum of $50. The plaintiff sought to have this error corrected, but the auctioneer was so busy, as he said, with the sale that he was unable to see the plaintiff in regard to it until the second day of May, when an agreement in regard to this difference was effected. Then the plaintiff paid his bill,

and the auctioneer stated that the doors would be open in the afternoon and that then he, the plaintiff, could get his goods. Plaintiff went on said afternoon for his goods, but could not get them, and thereupon immediately notified the auctioneer who promised that he would see to it that plaintiff should obtain the goods. The defendant received the money paid to the auctioneer. The plaintiff made several other attempts to get his goods, which proved unavailing.

As the plaintiff and the auctioneer disagreed upon the trial as to the terms of the settlement of May second, the court submitted to the jury the question as to what the original agreement was, and in doing so instructed them that if the plaintiff agreed to pay $50 for each of the two machines, then it became his duty to remove his goods before the first day of May, and in such case he was not excused, by reason of the dispute which he had created, for not removing them before that time; but that on the other hand, if plaintiff's version of the transaction was the correct one and he had bid $50 for both machines, and it was so stated at the time to the auctioneer, the failure of the auctioneer to deliver a correct bill and the subsequent negotiations based thereon would excuse the plaintiff's neglect in not taking the goods before the first of May.

*Jos. A. Shoudy* for appellant. It was error for the court to make the defendant's liability depend upon the merits of the controversy in regard to the washing machines. Those machines were put up and sold as a separate sale, distinct from any other article and such sale constituted a separate contract. (Benj. on Sales, § 135.) The defendant should have been allowed to show, as he offered to do, that his lease of the premises where the sale was made expired on or before the first of May, and that the goods in question after the first of May passed out of his possession and out of his control. (*Cockroft* v. *N. Y. & H. R. R. Co.*, 69 N. Y. 201.)

*Jacob F. Miller* for respondent. There was no valid contract between the parties until the second of May, 1883. (*Bissell* v. *Balcom*, 33 N. Y. 283.) On that day when the

title of the goods passed to the plaintiff, there was an implied warranty of title and of delivery of the goods, as well as an express agreement of delivery. An irrevocable license to plaintiff to enter upon the premises and remove the goods was implied. (*Griffin* v. *Baird*, 62 N. Y. 331; *In re Sarah Ann*, 2 Sumn. 211; *McCleod* v. *Jones*, 105 Mass. 403; Benj. on Sales [3 Am. ed.], § 886; Story on Sales, § 449; *Willis* v. *Willis*, 6 Dan. [Ky.] 49; *Drake* v. *Wells*, 11 Allen, 142; *Nettleton* v. *Sikes*, 8 Met. 43; *Giles* v. *Simonds*, 15 Gray, 441; 2 Kent's Com. 478; *West* v. *Wentworth*, 3 Cow. 82; *Clark* v. *Pinney*, 7 id. 681; *Griffin* v. *Colvin*, 16 N. Y. 489; *McNeal* v. *Emerson*, 15 id. 384; *Wood* v. *Mauley*, 11 Ad. & El., 37; *Foot* v. *March*, 51 N. Y. 202; *Kimberly* v. *Patchin*, 19 id. 350; *Dey* v. *Dix*, 9 Wend. 129; *Taylor* v. *Reed*, 4 Paige, 561; *Gray* v. *Luce*, 17 J. & S., 540.) The plaintiff had a reasonable time after payment to remove the goods. (*Danforth* v. *Walker*, 40 Vt. 257; *Blydenburgh* v. *Welch*, 1 Bald. 331.) The promise of Mr. Harnett that the plaintiff should have his goods in the afternoon of May second was, in law, the promise of the defendant, for it was within the scope of his authority. (*Amerman* v. *M. C. R. R. Co.*, 65 N. Y. 116; *Walsh* v. *Hartford F. I. Co.*, 73 id. 5; *Hazard* v. *Spears*, 2 Abb. 353; *Elwell* v. *Chamberlain*, 31 N. Y. 619; *Murray* v. *Binninger*, 3 Keyes, 107; *Leslie* v. *Wilie*, 47 N. Y. 652.) An amount sufficient to indemnify the party injured for the loss, which is the natural result of the wrongful act complained of, and which a proper degree of prudence on the part of the complainant would not have averted, is the measure of damages which juries are usually instructed to award, except in cases where punitive damages are allowable. (*Baker* v. *Drake*, 53 N. Y. 211; *Thayer* v. *Manley*, 73 id. 307; *Price* v. *Keyes*, 1 Hun, 191; *Gray* v. *Luce*, 17 J. & S. 540.) While the price which goods bring at a public sale is some evidence of their value, it is not the best evidence of value or even strong evidence of value. (*Campbell* v. *Woodworth*, 20 N. Y. 499; *Whitehouse* v. *Atkinson*, 3 Car. & P. 344· *Beach* v. *R. & D. B. R. R. Co.*, 37 N. Y. 457, 470;

*Wells* v. *Kelsey*, id. 143 ; *Gill* v. *McNamee*, 42 id. 44, 46 ; *Knick. L. Ins. Co.* v. *Nelson*, 78 id. 137, 145.) There was one sale, one bill, one transaction, notwithstanding the number of articles included in the bill. (*Jenness* v. *Wendell*, 51 N. H. 67 ; *Allard* v. *Greasert*, 61 N. Y. 1 ; *Mills* v. *Hunt*, 17 Wend. 333 ; 20 id. 431.)

ANDREWS, J. By the general rule of law, the vendor on a sale of chattels is bound to deliver them to the vendee at the place where they are at the time of the sale, on performance by the latter of the terms of sale, although the contract is silent on the subject of delivery. The obligation to deliver, if not expressed, is implied. (2 Kent's Com. 677 ; Benj. on Sales, 555.) The obligation, however, may be limited, or qualified, or altogether excluded by the terms of the contract. The terms of the auction sale in this case did not relieve the defendant from the obligation to deliver the property purchased by the plaintiff, except in the contingency that the purchaser failed to complete the purchase by paying for and removing the property from the St. James Hotel before the first of May. Up to that time the defendant, on payment being made, was bound to deliver the goods, on the premises, when called for by the plaintiff. The omission of the plaintiff to pay for the goods, or to call for or remove them before the first of May, released the defendant from any further responsibility, and the goods remained on the premises after that time at the risk of the plaintiff, unless the delay was attributable to the act of the defendant, or unless the defendant waived the condition as to payment and removal. Upon the facts found we think the plaintiff was excused, and that the delay in paying for the goods until the second of May was occasioned by the neglect and default of the defendant to correct the bill of items in time to enable the plaintiff to comply with the terms of sale. The jury have found that the two washing machines, which were charged in the bill at $100, were struck off for fifty dollars. The plaintiff repeatedly called upon the auctioneer before the first of May, to correct

the bill, and expressed his readiness to pay the true amount, but was put off from day to day until the second of May, when the controversy was settled and the plaintiff paid the bill to the auctioneer, who paid over the money to the defendant. The delay having been caused by the act of the defendant in demanding a greater sum than he was entitled to receive, he cannot in justice be permitted to insist that the omission of the plaintiff to pay for and receive the goods before the first of May, discharged him from the obligation to make delivery. The limitation in the contract was inserted for his protection as he was to vacate the premises on the first of May, but it was connected with the correlative right of the purchaser to entitle himself by payment to call upon the defendant for the goods and to receive them before the expiration of the period mentioned. It is not, we think, an answer to the claim of the plaintiff that he might have tendered the true amount and thus have entitled himself to a delivery before the first of May. He was not bound to take this course. Having offered to comply with the terms of sale, he was not in default, and the defendant having on the second of May accepted payment, he was, we think, under obligation to deliver the goods on the premises, or, at least, to put them within the power, or under the dominion of the plaintiff, notwithstanding the expiration of the period for removal fixed by the contract. (See Story on Sales, § 310, and cases cited.) The sale, although comprising distinct articles purchased on separate bids, was treated by the parties as one transaction, and the separate sales as parts of an entire contract. (*Mills* v. *Hunt*, 17 Wend. 333; *S. C.*, 20 id. 431.) The charge as to the rule of damages was correct. The plaintiff was entitled to recover the value of the goods on the second of May, if entitled to recover at all, and the charge that the jury in determining the value, might consider the price the goods brought on the sale, and the refusal to charge that the recovery was limited to the purchase-price or that the purchase-price was *strong* evidence of the value, was proper. (*Campbell* v. *Woodworth*, 20 N. Y. 499; *Gill* v. *McNamee*, 42 id. 44, 46; *Hoffman* v. *Conner*, 76 id. 121, 124.) In

view of our disposition of the main questions, the exceptions on other points do not call for special consideration.

The judgment should be affirmed.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.