Titus, Ch. J.
The defendant appeals from a judgment on the verdict of a jury in favor of the plaintiff for a cause of action resting in fraud. The plaintiff employed the defendant to assist her in the sale of her house and lot. For the service she agreed to pay him $100. He did aid her in trading her house and lot for certain vacant lauds on Lark street, in this city. After the trade was consummated, she paid him the $100 agreed upon. She now seeks to charge him with damages for false and fraudulent representations made to her of the value and location of the land which she received in exchange for her house and lot, and also to recover the $100 commissions paid. The facts are disputed, but we think there was evidence enough to submit the questions in the case to the jury. If it were necessary to the disposition of the questions raised by this appeal to look for evidence of fraudulent conduct by the defendant in negotiating the trade of this property, it would require but a slight examination of the testimony to satisfy the inquirer that the evidence abundantly warranted the submission of the case to the jury on the theory that some proof aside from the mere statement of the value of the property fraudulently made would be necessary to enable the plaintiff to recover, butwe,.do not think that such additional proof is required. This is an action by a principal against her agent for false statements made to her of the value of property.
In Ellis v. Andrews, 56 N. Y., 83, it was held that, as between vendor and vendee, the fraudulent statement by the vendor of the value of the property, unaccompanied with a statement of extrinsic facts, was not sufficient evidence of fraud to warrant a recovery by the vendee; the court holding that such statements became mere matters of opinion, when maue by a vendor. He is at liberty to fix such a value upon his property as he likes, and to have and to express an opinion of its value, even though he knows it is not true. The duty of the vendee is to use his faculties, and the means *158 within his power, to protect himself against the expression of such an opinion, and if he relies upon the vendor’s statement of the value he is without remedy. But this rule has never been applied-to a case where the relation of vendor and vendee does not exist.. Here the defendant is the agent of the plaintiff, under her employment and pay, and the utmost good faith is required of him in dealing with her, by virtue of the relation of the parties. She had a right to rely upon his judgment as to the value of the land, because she paid him for his supposed superior knowledge of the value of the property; and it would be a singular rule which would permit him to take advantage of the confidence reposed in him by her, although, as between vendor and vendee, he would not be liable. We think the charge of the court upon that subject correctly stated the law—that if the defendant, by fraud or deception, led or induced the plaintiff to part with property, to her damage, while acting as her agent, he is liable for the damages actually sustained by her.
In addition to the recovery of the defendant in the value of the-land, the plaintiff was permitted to recover the commissions paid to the defendant. We do not think error was committed by the court in allowing such recovery. If the defendant was guilty of fraudulent practice upon the plaintiff, he could not maintain an action to recover the contract price for his services, or of the value of them; aud when she paid him, in ignorance of his fraud, she could recover the sum paid when she discovered the fraud. The defendant, in view of his fraudulent conduct, earned no compensation, and was not entitled to be paid ; and no rule is better settled than that if money is paid under a mistake of the facts, or under fraudulent representations, it may be recovered on discovery of the true state of facts. No error is discoverable in the record affecting the case, and we do not think the judgment should be disturbed. The order must therefore be an affirmance of the judgment, with costs.
Hatch, J., concurs.