BUTLER BROTHERS, Appellant, *v.* CHARLES F. HIRZEL and HENRY FELTMANN, Respondents.

*Action for goods sold and delivered — proof of a sale and tender and refusal to accept — not sufficient at common law, but sufficient under the present practice — failure to prove an actual delivery — when it constitutes a variance, not a failure of proof — effect of a submission of the question whether there was a delivery.*

Upon the trial of an action brought to recover the purchase price of merchandise, which the plaintiff alleged that it had sold and delivered to the defendants, it appeared that the defendants ordered the goods in question of the plaintiff and that when the plaintiff tendered delivery of the goods at the place of delivery specified in the order, the defendants declined to accept them.

At the close of the trial the case was taken from the jury and submitted to the court, the counsel agreeing that "the only question for decision is whether, as a matter of law, there was a delivery of the merchandise." The court decided, as matter of law, that there had been no delivery of the goods and directed a judgment dismissing the complaint upon the merits.

*Held*, that under the common-law form of the action for goods sold and delivered, it would have been necessary for the plaintiff to prove actual delivery in order to recover;

That under the present form of the action for goods sold and delivered, the facts appearing upon the trial were sufficient to entitle the plaintiff to maintain the action, the goods having been tendered and the plaintiff being at liberty to treat them as belonging to the defendants and to sue for the price;

That the omission of the plaintiff to prove an actual delivery did not constitute an absolute failure of proof, but simply a variance, and that as it did not appear

that the defendants were misled to their prejudice by such variance, an amendment of the complaint was not necessary in order to entitle the plaintiff to recover;

That the trial judge should have directed judgment for the plaintiff, and was not debarred from so doing because the question of delivery was alone submitted to him for determination.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Butler Brothers, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 27th day of June, 1902, upon the decision of the court, rendered after a trial at the New York Trial Term, the jury having been discharged, dismissing the complaint upon the merits.

*George Ryall,* for the appellant.

*Lorenzo Ullo,* for the respondents.

PATTERSON, J. :

At the trial of this action the complaint was dismissed, substantially on the ground that the cause of action therein set forth was not proven. The plaintiff, a corporation, sought to recover the purchase price of merchandise which it alleged it sold and delivered to the defendants. A contract between the parties was proven. It consisted of an order in writing given by the defendants to the plaintiff, and which, among other things, contains the following : " Please board the s/s ' Allianca,' Pier 57, N. R. on or before Oct. 6th, goods marked and numbered as follows : " The articles ordered are then set forth in a schedule. The plaintiff accepted the order, packed the goods in boxes, and within the required time carried them to the steamship at pier 57, North river, where acceptance was refused by the defendants through a Mr. Calvert, who directed the plaintiff's truckman to take them back, and declared that they would not be received. There was no actual delivery of the goods by a transfer of possession from the plaintiff to the defendants or to the carrier. Under those circumstances, the plaintiff sued for goods sold and delivered. There can be no question that an actual delivery was not made. At the close of the trial, by consent of the parties, the case was taken away from the jury and the issues were left to

the determination of the court, counsel agreeing, as the record states, "that the only question for decision is whether, as a matter of law, there was a delivery of the merchandise," and "decision of such questions was under like agreement left to the court, after each side had formally moved for a direction of a verdict in its favor." The court decided that, as matter of law, there was no delivery, and judgment was directed dismissing the complaint on the merits.

It is now contended by the plaintiff that it is entitled to recover for goods sold and not in fact delivered — not upon the ground that there is in the proofs a good excuse shown for non-delivery, but upon the theory that there was in law a delivery sufficient to authorize a recovery under the allegations of the complaint. If the question were to be determined by a strict adherence to common-law rules of pleading, the complaint may have been properly dismissed. Where goods are sold and delivered, the mode of recovering the price at common law is by an action on the common count, which charges indebtedness for goods, chattels and effects sold and delivered to the defendant at his request. To support that action the plaintiff must prove delivery. In *Outwater* v. *Dodge* (7 Cow. 85) it was held that where a contract to deliver goods is unexecuted by a delivery, the vendor in a suit for the price must declare on the special contract and cannot recover upon a general count for goods sold and delivered. (See, also, *Bradley* v. *Wheeler*, 44 N. Y. 495; *Stearns* v. *Washburn*, 7 Gray, 189; *Hart* v. *Tyler*, 15 Pick. 171.)

The common-law rule proceeded upon the theory of a failure to prove the cause of action alleged in the declaration, but now in an action for goods sold and delivered, the seller may upon tender of performance upon his part and demand of payment, and refusal of the purchaser to perform, treat the property as belonging to the defendant and sue for a recovery of the price agreed to be paid. (*Mason* v. *Decker*, 72 N. Y. 596.) He is entitled to recover the price when he shows not only that the purchaser failed to pay, but that he himself was ready and offered to deliver the goods. (*Dunham* v. *Mann*, 8 N. Y. 513.)

In the case at bar the merchandise was selected in accordance with the order given, and that order was for specific goods. They were packed, sent to the appointed place of delivery and tendered.

The title passed to the defendants and the plaintiff did everything it could do to entitle it to the agreed price. The allegation of the complaint is broad enough to cover such a case, for it is alleged that the plaintiff *sold* goods, wares and merchandise of the value and at the agreed price, and that the defendants promised and agreed to pay for the same, but they failed to pay the amount agreed upon or any part thereof. The omission to prove an actual delivery was not an absolute failure of proof, for the contract and the refusal of the defendants to perform were alleged. The variance between the pleadings and the proof respecting a delivery was not material under the rule of law which now obtains. A variance is not material unless it has actually misled the adverse party to his prejudice in maintaining or defending the action upon the merits, and that the party was misled must appear and be proved to the satisfaction of the court. Where the whole allegation to which the proof is directed is not proved, not in some particular or particulars, but in its entire scope and meaning, it is not a case of variance, but a failure of proof. (Code Civ. Proc. §§ 539-541.) Here there was enough *proof* to maintain the action for the price of the goods. No affidavit was presented that the defendants had been misled, and hence there was no material variance, and an amendment of the complaint was not necessary. (*Place* v. *Minster*, 65 N. Y. 89.)

The only difficulty in the present case consists in the fact that counsel on both sides left it to the court to determine whether as matter of law there was a delivery, and thus it seems that plaintiff's counsel was content to have the fate of the case depend upon the decision of that point alone. But the learned trial judge has considered the whole case, and has held that the complaint was not sufficient as one to recover the price of merchandise under an agreement of purchase and sale, and he says that if the action had been brought in that form, it may be that the plaintiff would have been entitled to judgment. We think that as the proofs made out such a case the allegations of the complaint were sufficient, there being no claim that the defendants were misled, and that the learned judge should have directed judgment for the plaintiff, and that he was not debarred from doing so by reason of the submission of the one question to him for determination. The judgment is on the merits.

FIRST DEPARTMENT, NOVEMBER TERM, 1903.            [Vol. 87.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

INGRAHAM, HATCH and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I think the judgment was correct in view of the case as submitted to the justice for decision. I dissent.

Judgment reversed and new trial ordered, with costs to appellant to abide event.