(118 App. Div. 300)

### HORST v. MONTAUK BREWING CO.

(Supreme Court, Appellate Division, First Department.   March 22. 1907.)

SALES—RECOVERY OF PRICE—DELIVERY.

Plaintiff in March sold hops to defendant, deliverable on written order of defendant, payable 10 days after delivery. In May part of them were delivered and paid for. In November, after plaintiff had unsuccessfully tried to have defendant order the balance, plaintiff stored the same, and sent delivery orders, weighers' returns, and invoices therefor to defendant, who retained them, without objection, but did not remove the hops. Defendant thereafter wrote plaintiff that according to its understanding it could take the hops at its convenience. In December plaintiff, on notice from the parties with whom the hops were stored to remove them, did so, and stored them in a warehouse, notified defendant thereof, inclosed the warehouse receipt, and asked for a remittance. Defendant merely retained the warehouse receipt. It was shown that according to the custom of the trade, where hops are sold and no time specified for delivery, delivery must be made before new crops come in, which is in September or October. *Held*, that plaintiff was entitled to recover, there being a sufficient delivery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 358, 381, 383, 959.]

Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Paul R. G. Horst against the Montauk Brewing Company. From a judgment dismissing the complaint at the close of plaintiff's evidence, he appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

George A. Strong, for appellant.
Martin S. Lynch, for respondent.

McLAUGHLIN, J. On the 1st of March, 1905, the defendant purchased from the plaintiff 40 bales of hops, as evidenced by a written instrument of which the following is a copy:

"Brooklyn, N. Y., March 1st, 1905.

"Bought today of Mr. Paul Horst (20) twenty bales choice Oregons at 29 cts., (20) twenty bales choice New York State hops at 30 cts. per lb., deliverable in 10 or 15 bale lots, as per written order of Montauk Brewing Company, payable in 10 days after delivery. Samples to be substituted must be satisfactory.

"Montauk Brewing Company,
"By C. D. Rhinehardt.
"Charles Albresch."

In May following, 16 bales of the New York state hops were delivered and paid for. This action was brought to recover the purchase price of the other 24 bales; the complaint alleging delivery and defendant's failure to pay. The answer admitted the agreement and delivery of the 16 bales which were paid for, but alleged that the plaintiff failed and refused to submit samples of the Oregon hops, and denied that any of the hops called for by the agreement were delivered except the 16 bales. At the trial, the complaint was dismissed at the close of plaintiff's case, and he appeals.

The question presented turns upon whether the plaintiff had in fact, prior to the commencement of the action, delivered to the defendant the hops, or had so far performed in that respect upon his part as to entitle him to recover the purchase price. The facts relied upon by the appellant, as entitling him to maintain the action, are as follows: After the delivery of the 16 bales in May, the defendant did not call for the remaining 24 bales, and on the 21st of August following, the plaintiff wrote the defendant, asking when it would be convenient for it to receive the balance, saying that he did not wish to hurry defendant, but nevertheless would like to make delivery in the near future. The letter was not answered, nor was any attention paid to it. Albresch, the broker who represented the plaintiff in the transaction, also made repeated efforts to have defendant order the balance of the hops delivered. His efforts, however, were unsuccessful, and on the 6th of November, the plaintiff stored with one Loey, 35 Pearl street, New York City, four bales of New York state hops, and with the Southern Pacific Railway Company, Pier 37 North river, New York City, 20 bales of Oregon hops, all of which he had branded or tagged with the name of the defendant. On the same day he sent delivery orders, weigher's returns, and invoices for these 24 bales to the defendant. Defendant retained these documents without objection, but did not remove the hops, and on the 17th of November plaintiff again wrote defendant, by registered letter, to the effect that he had on the 6th of the same month sent invoices and delivery orders, but, not hearing from defendant in the meantime, feared the orders might have been misplaced, and, therefore, inclosed duplicates of the same. To this letter, the defendant replied on the following day, saying it inclosed a copy of the contract, and, accord-

ing to its understanding of the same, defendant was at liberty to take the hops at its convenience. It made no other objection to the delivery as made, nor did it return or offer to return the delivery orders, either duplicates or originals, but retained them and produced all of them at the trial. On the 19th of December following, plaintiff wrote defendant that he had been notified by the railroad company and Loey to immediately remove the hops stored with them, respectively; that he had done so, and stored the same in a warehouse for defendant's account and risk, and inclosed the warehouse receipt therefor, at the same time asking for a remittance on or before a time specified. The warehouse receipt was also retained by the defendant, and produced at the trial. It also appeared without objection that where hops are sold, and no time specified for delivery, according to the custom of the trade, delivery must be made before new crops come in, which is in September or October of each year.

Upon these facts, I am of opinion that the complaint was improperly dismissed. The rule now seems to be well settled that in an action for goods sold and delivered, the seller may, upon tender of performance on his part, and demand of payment and refusal of the purchaser to perform, treat the property as belonging to the defendant, and sue for a recovery of the price agreed to be paid (Mason v. Decker, 72 N. Y. 596, 28 Am. Rep. 190); that he is entitled to recover the price when he shows, not only that the purchaser failed to pay, but that he himself was ready to perform and has delivered or offered to deliver the goods (Dunham v. Mann, 8 N. Y. 513); that the omission to prove an actual physical delivery does not prevent a recovery (Butler Bros. v. Hirzel, 87 App. Div. 462, 84 N. Y. Supp. 693, affirmed 181 N. Y. 520, 73 N. E. 1120; where manual delivery of goods is inconvenient on account of their bulk, it is unnecessary; placing the goods in the power of the vendee is sufficient; an actual delivery is not required; a symbolic delivery suffices, and delivery of an order on the warehouseman may be enough. Salmon v. Brandmeier, 104 App. Div. 69, 93 N. Y. Supp. 271. It was unnecessary for the plaintiff to take the hops to the door of the defendant's brewery. It had refused, though requested to do so, to order the hops delivered either there or anywhere else. Under such circumstances, the plaintiff had a right to make the delivery as he did, inclosing documents which evidenced that the defendant, not only had the title, but could go and get the hops whenever it saw fit. It is true, the plaintiff, after the delivery orders had been sent to and retained by the defendant, put the hops in a warehouse, but he was under no obligation to do this. He might have left them where they were, and let the defendant stand the consequences. However, what was done in this respect was for defendant's benefit. It was at once informed of what was done, and the warehouse receipts were sent to it, which were retained without objection.

In Butler Bros. v. Hirzel, supra, the plaintiff brought an action for the purchase price of goods alleged to have been sold and delivered. On the trial it appeared that the plaintiff had taken the goods to the place of delivery and defendant had refused to accept them, so that

they were never actually out of the possession of the plaintiff. The complaint was dismissed, substantially on the ground that the cause of action therein set forth was not proven, but this court held there was sufficient proof to entitle the plaintiff to maintain the action for the price agreed to be paid, and the judgment was reversed, and a new trial ordered. In the case now under consideration, the proof of the delivery of the hops is much more favorable to the plaintiff than in that case. If the foregoing views be correct, then it necessarily follows that the court erred in dismissing the complaint.

Other questions are presented by the appellant as to the exclusion of evidence, which, except for the conclusion reached, would require serious consideration.

The judgment appealed from, therefore, must be reversed and a new trial ordered with costs to appellant to abide event.

INGRAHAM and CLARKE, JJ., concur. PATTERSON, P. J., concurs in result. HOUGHTON, J., dissents.