## GROSS v. AJELLO.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. SALES (§ 345*)—EXECUTORY CONTRACTS—SUIT FOR PURCHASE PRICE—CONDITIONS PRECEDENT.

To recover the purchase price under an executory contract of sale, in the absence of delivery, the seller must show readiness to perform and tender of performance on his part.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 959; Dec. Dig. § 345.*]

2. SALES (§ 162*)—EXECUTORY CONTRACTS—PERFORMANCE.

Delivery of an order on a warehouse for goods sold under an executory contract would have justified recovery of the purchase price, if it had not been nullified by removal of the goods to the seller's building, without notice to the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 382; Dec. Dig. § 162.*]

3. SALES (§ 79*)—EXECUTORY CONTRACTS—DELIVERY—PLACE.

Where no place of delivery under an executory contract of sale was specified, the seller's place of business was the place.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 215; Dec. Dig. § 79.*]

4. SALES (§ 156*)—EXECUTORY CONTRACTS—DELIVERY—HOW ACCOMPLISHED.

Merely setting aside goods sold under an executory contract of sale did not constitute a delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 367; Dec. Dig. § 156.*]

5. SALES (§ 182*)—DELIVERY—TENDER—SUFFICIENCY.

Where goods sold were to be manufactured and delivered in separate lots, that the seller telephone an inquiry when the buyer would take the remaining installments did not amount, as a matter of law, to notice that the goods were ready, or to a tender of delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 492; Dec. Dig. § 182.*]

6. SALES (§ 340*)—EXECUTORY CONTRACTS—BREACH BY BUYER—REMEDY OF SELLER.

On breach of a contract to buy goods, the seller can keep the goods and sue for the breach, or hold them as bailee for the buyer and recover the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract price, or sell them as the buyer's agent and recover the difference between the contract price and the amount realized.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 941; Dec. Dig. § 340.*]

**7. SALES (§ 345*)—ACTION FOR PRICE—DELIVERY—NECESSITY FOR SHOWING.**

At common law one could only recover for goods sold and delivered by showing actual delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 958; Dec. Dig. § 345.*]

**8. SALES (§ 355*)—ACTION FOR PRICE—VARIANCE.**

No recovery for goods sold, but not delivered, can be had on an averment of sale and delivery.

[Ed. Note.—For· other cases, see Sales, Cent. Dig. § 1043; Dec. Dig. § 355.*]

**9. SALES (§ 160*)—DELIVERY—ESSENTIALS.**

To constitute a delivery of goods, they must at least be placed within the control of the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 375; Dec. Dig. § 160.*]

Appeal from Trial Term, Kings County.

Action by Anna Gross against Michele Ajello. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

George A. Baker, for appellant.

Jacob J. Lesser, for respondent.

MILLER, J. The plaintiff seeks to recover the purchase price of two lots of merchandise, separately contracted to be sold to the defendant. She declares on two causes of action: (1) The sale and delivery of a quantity of tomato paste; (2) the breach of an executory contract to purchase a quantity of chick peas. The evidence in support of the first cause of action tended to show the sale of 100 cases of tomato paste, to be manufactured and delivered in separate lots; that 15 cases were delivered and paid for; and that thereafter 85 cases were set aside by the plaintiff and marked for the defendant, but never actually delivered. The only evidence to show notice of readiness to deliver, or a tender of delivery, not stricken from the record, was the following testimony of the plaintiff's son:

"I telephoned him (meaning the defendant) when he would take the rest, and I never received any reply of any kind."

The evidence to establish the second cause of action tended to show an executory contract of purchase and sale of a part of a shipment, expected later to arrive at the port of New York; that, upon the arrival of such shipment, the plaintiff mailed to the defendant an order on the warehouse for the quantity of peas, agreed to be sold, and thereafter—how soon does not appear—removed them therefrom to her own building without notifying the defendant.

There can be no doubt that both contracts were executory. The obligation of the defendant to pay and for the plaintiff to deliver were mu-

tual and dependent. In the absence of delivery, the plaintiff could only recover the purchase price by showing readiness to perform and a tender of performance on his part. Dunham v. Pettee, 8 N. Y. 508; Des Arts v. Leggett, 16 N. Y. 582; Dustan v. McAndrew, 44 N. Y. 72; Mason v. Decker, 72 N. Y. 595, 28 Am. Rep. 190. The delivery of the order on the warehouse for the peas would have justified a recovery of the purchase price (Salmon v. Brandmeier, 104 App. Div. 69, 93 N. Y. Supp. 271; Horst v. Montauk Brewing Co., 118 App. Div. 300, 103 N. Y. Supp. 381), but for the fact that it was nullified by the removal of the peas to the plaintiff's building without notice to the defendant. In the absence of other evidence, then, to show delivery or tender, it was error to direct a verdict for the purchase price of the peas. No place of delivery of the tomato paste having been specified, the plaintiff's place of business was doubtless the place of delivery (Gray v. Walton, 107 N. Y. 254, 14 N. E. 191; Bliss Co. v. U. S. Incandescent Gas Light Co., 149 N. Y. 301, 43 N. E. 859); but merely setting aside the cases, when prepared, did not constitute a delivery, and, in view of the fact that the goods were to be manufactured and delivered in separate lots, the inquiry made by the plaintiff's son, as testified to by him, did not amount to a notice that the goods were ready for delivery, or to a tender of delivery, at least as matter of law.

But, aside from the foregoing, there is still a serious obstacle to the affirmance of this judgment. The defendant rested upon the plaintiff's case, insisting that the plaintiff had failed to establish a sale and delivery as pleaded. There is no doubt that, where the vendee has defaulted on an executory contract to purchase personal property, the vendor has a choice of remedies, namely: (a) To keep the goods and sue for damages for breach of contract; (b) to hold them as bailee of the purchaser and recover the contract price; (c) to sell them as agent of the purchaser and recover the difference between the purchase price and the amount realized on such sale. Dustan v. McAndrew, supra; Mason v. Decker, supra. But the plaintiff in this case pleaded an executed, not an executory, contract; and the substantive rules of law hereinbefore referred to have nothing to do with the question of pleading. The plaintiff can only recover the purchase price on the theory that the goods belong to the defendant; but this judgment conclusively establishes the delivery, and could be pleaded as an estoppel in a suit to recover possession of them. At common law the plaintiff could only recover on a declaration for goods sold and delivered by showing an actual delivery. Outwater v. Dodge, 7 Cow. 85. In the cases hereinbefore cited, which permitted a recovery of the purchase price, though there was no delivery, no question of pleading was involved; and no reason can be suggested for allowing a recovery for goods sold, but not delivered, on an averment of a sale and delivery, where the point is properly taken on the trial. To constitute a delivery, the goods must at least be placed in the power of the vendee.

The case of Butler Bros. v. Hirzel, 87 App. Div. 462, 84 N. Y. Supp. 693, affirmed 181 N. Y. 520, 73 N. E. 1120, upon first examination may seem opposed to this view; but it will be seen that in that case the court recognized the fact that the cause of action alleged was not es-

tablished, but, in view of certain averments of the complaint and of the course of the trial, deemed the variance immaterial, as it did not appear that the defendant was misled. In this case the defendant took the point and rested upon it. He had alleged in his answer a rescission of the contracts; and, on a motion for a new trial on the ground of newly discovered evidence, the appeal from the order denying which was argued herewith, he presented affidavits relative to that issue which would have justified the granting of a new trial, but for the fact that his counsel intentionally refrained from tendering on the trial the issue to which the alleged newly discovered evidence related. That fact, however, emphasizes the right of the defendant to rely on this appeal upon the point which he distinctly made and stood upon at the trial.

The judgment must be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.