(72 Misc. Rep. 406.)

### ARTHUR GREENFIELD, Inc., v. HERRMAN.

(Supreme Court, Appellate Term.   June 29, 1911.)

1. SALES (§ 150*)—DELIVERY—DUTY OF SELLER.

In every contract of sale, a duty on the part of the seller to deliver the thing sold is implied, in the absence of an agreement to the contrary.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 350–356;  Dec. Dig. § 150.*]

2. SALES (§ 150*)—DELIVERY—IMPLIED COVENANT.

Where goods sold are not in possession of the seller, and he affirms title, there is an implied warranty of delivery;  and, in case the buyer is unable to obtain a delivery, he may sue for breach of contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 350–356;  Dec. Dig. § 150.*]

Appeal from City Court of New York, Trial Term.

Action by Arthur Greenfield, Incorporated, against James S. Herrman.   From a City Court judgment, dismissing the complaint at the close of plaintiff's case, it appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Dayton & Bailey (Alfred M. Bailey, of counsel, and Joseph W. Middlebrook and Solon Weit, on the brief), for appellant.

Greene, Hurd & Stowell (Richard T. Greene, of counsel, and John L. Feeny, on the brief), for respondent.

SEABURY, J. The defendant agreed to sell the plaintiff a concrete mixer situated at the United States government station at West Point, N. Y. The plaintiff agreed to buy it, and paid $50 on account, and gave defendant a note for $700, the balance of the purchase price. The plaintiff went to West Point to get the mixer, and those having it in charge refused to deliver it to him. The mixer weighed 2,500 pounds and was securely fastened to the ground. The plaintiff brought this action to recover the amount paid for the mixer, and alleged a breach of the contract on the part of the defendant, by reason of his failure to deliver the mixer to the plaintiff. Upon these facts being proved, the trial court dismissed the complaint, upon the ground that there was no implied warranty of delivery. This ruling presents the only question raised by this appeal.

[1, 2] In every contract of sale the law implies a duty on the part of the seller to deliver the thing sold, unless there is an agreement to the contrary. Mechem on Sales, § 1118. When the subject-matter of the sale is in the possession of the seller, this duty is always implied. When the goods are not in the possession of the seller, and the seller affirms title to them, the same implication exists as would exist if the seller had actual possession of the goods. McCoy v. Artcher, 3 Barb. 323. There was nothing in the evidence to show that there was any agreement on the part of the seller not to deliver the mixer. It did, however, appear that the defendant affirmed that he had title to the mixer and agreed to sell it to the plaintiff. Under these circumstances, we think that the seller was obligated to deliver the mixer to the buyer, and that in the event of his failure so to do the buyer might maintain an action to recover the damages which he sustained by reason of the seller's breach of contract.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.