## MYERS v. LINEBARGER.

### Opinion delivered May 6, 1918.

1. PRINCIPAL AND AGENT—EXCHANGE OF LAND FRAUD—LIABILITY OF AGENT.—An agent is liable to his principal for damages, where he induced the latter by fraudulent representations to exchange her land for other lands.

2. PRINCIPAL AND AGENT—EXCHANGE OF LAND—FRAUD—LIABILITY OF AGENT—PARTIES.—Where plaintiff was induced to exchange lands belonging to her for lands belonging to one A., by the fraud of her own agent, in an action to recover damages from the agent, A. is not a necessary party.

3. Fraud and deceit—exchange of land—action for damages—
   parties.—B. acting as agent for plaintiff, and acting with A.,
   the owner of a certain farm, induced plaintiff, by fraud, to ex-
   change land belonging to her, for the farm. *Held*, plaintiff could
   maintain an action for damages against A. and B., and could
   sue them either jointly or severally like other joint tort-feasors.

Appeal from Washington Circuit Court; *J. S. Maples*, Judge; reversed.

*Walker & Walker*, for appellant.

The demurrer was improperly sustained. A good cause of action was stated in the complaint and appellant had the right to sue and appellee is clearly liable. 82 Ark. 384; 76 *Id.* 395; 4 Crawford's Digest, 243; 78 Ark. 330; 77 *Id.* 261; 86 *Id.* 606.

*H. L. Pearson* and *W. N. Ivie*, for appellee.

The demurrer was properly sustained. The court had no jurisdiction. There was a defect of parties and the complaint did not state a cause of action. 77 Ark. 261; 82 *Id.* 384; Mechem on Agency (2 ed.) § § 357, 483, 490, 494, 434-5, 446; 114 Ark. 9; 103 *Id.* 484.

HUMPHEYS, J. Appellant instituted suit against appellee in the Washington Chancery Court to impound and recover a collateral note of $1,000, executed by appellant to Rosa E. Trone, and by Rosa E. Trone assigned to appellee; and to recover $3,200 as damages, alleged to have been sustained by appellant in an exchange of lands between appellant and Rosa E. Trone, which exchange was induced by alleged fraudulent misrepresentations and made by appellee concerning the land conveyed by Rosa E. Trone to appellant. The complaint, in substance, alleged that appellant owned a hotel situated upon two lots in Riviera, Texas, of the value of $5,000; and a dwelling situated upon lot 17, block 10, in said town, of the value of $1,500; that appellee inspected the property and for a commission of $100 agreed to exchange the Texas property for farm property in Washington County, Arkansas; that at the time he was the agent for the sale or trade of a 108 acre tract of land owned by Rosa E. Trone in

said county and State, but concealed this fact from appellant; that appellee returned to Arkansas and, by letter, proposed trading the Trone property, falsely and fraudulently representing that the following improvements were upon the Trone place, towit: A store building, twenty by sixty feet, which rented for $10 per month, when in fact the store building had no rental value; an evaporator, capacity 160 bushels per day, when in fact the evaporator was located on a neighbor's land; sixty acres in cultivation, when in fact only 37½ acres were in cultivation; 500 grown apple trees in full bearing, when in fact there were only 285 bearing apple trees thereon; and that the farm was fenced and cross-fenced with hog wire, when in fact it was not so fenced and cross-fenced. That appellant, relying upon the representations of the Washington County land made by appellee, exchanged her property for the Washington County property, upon which there was a mortgage in favor of Mrs. W. N. Stewart, and obtained in the exchange the note of Rosa E. Trone, secured by vendor's lien upon the Texas property, and transferred said note to appellee as collateral for his commission of $100 and for $400 advanced by him to her for the purpose of moving to the Arkansas lands; that appellee was entitled to a credit upon appellant's claim of damages for the $400 so advanced.

Appellee filed a demurrer to the bill upon the following grounds:

1st.  That the court had no jurisdiction of the subject of the action.

2nd.  That there was a defect of parties plaintiff.

3rd.  That there was a defect of the parties defendant.

4th.  That the complaint did not state facts sufficient to constitute a cause of action.

The court treated the demurrer as a motion to transfer the cause to the law docket and transferred it to the circuit court.

The demurrer was renewed and sustained in the circuit court, and the cause was dismissed at the cost of

appellant, from which judgment of dismissal, an appeal has been prosecuted to this court. Appellant insists that the complaint stated a cause of action and that the court erred in sustaining the demurrer and dismissing the complaint. Appellee insists that as a matter of law no right of action accrues to a principal against an agent on account of deceit and fraud where the principal retains possession of the property procured by the agent; and also contends that a suit instituted by the principal against the agent for such fraud and deceit is a ratification and approval of the misconduct of the agent. We are unable to find any authorities in support of appellee's contention. On the contrary, it is well settled in the law that a principal may recover damages from his agent sustained on account of fraud and deceit practiced by the agent, which induced the principal to part with his property. Growing out of the fiduciary relationship existing between the principal and agent, the law exacts loyalty and the utmost good faith from the agent toward the principal. The general principle announced in Corpus Juris is a follows:

"The relation of an agent to his principal is ordinarily that of a fiduciary, and as such it is his duty, in all dealings concerning or affecting the subject-matter of his agency, to act with the utmost good faith and loyalty for the furtherance and advancement of the interests of his principal. * * * If the agent fails to exercise good faith and loyalty to his principal and is guilty of misconduct which operates to his principal's disadvantage or injury, he is responsible to his principal for any loss resulting therefrom." 2 C. J. sec. 353.

It is also laid down as a general principle in Corpus Juris that: "Loyalty to his principal's interests requires that an agent shall make known to his principal every material fact concerning his transactions and the subject-matter of his agency that comes to his knowledge, or is in his memory in the course of his agency; and if he fails to do so, he is liable in damages to his principal for

any injury incurred or loss suffered in consequence of such failure. * * *'' 2 C. J. section 369.

These general principles are gleaned from a great number of cases cited in notes to sustain the text. Special reference is made to the following cases because they are so nearly in point.

It was held in the case of *McMurray v. Garnett*, 182 S. W. 128, (quoting 5th syllabus) : ''In an action by the seller of a cigar stand against his agent to negotiate the sale, for his disloyalty in aiding the buyer to defraud the seller by inducing him to take, in payment, a note secured by a mortgage on a worthless lot of land, the seller could recover although the agent made no positive misrepresentations, since such an action is based not only upon active representations, but also upon the agent's failure to reveal, and his concealment of, facts which he knows and which he should disclose, an agent who occupies a fiduciary relation, being bound to act with loyalty and in good faith.''

It was held in the case of *Palmer v. Pirson*, 24 N. Y. Supp. 333, that ''Where an agent fraudulently induces his principal to convey lands in exchange for other lands of less value than represented, the agent is liable for the damages thus sustained.''

It was held in the case of *Varner v. Interstate Exchange et al.,* 115 N. W. 1111, (quoting syllabus 1) : ''Where defendant, as plaintiff's agent in negotiating the exchange of a horse for certain land, expressly undertook that the title to the land which he was inducing his principal to receive in exchange for the horse was good, subject only to a certain mortgage or trust deed on which no foreclosure proceedings had been instituted, defendant could be held to make good such representation, if it proved false to his principal's damage.''

It seems that the authorities are practically unanimous on this point. The authorities cited and insisted upon by appellee have no application to executed contracts.

It is insisted by appellee that the court properly sustained the demurrer, because there is a defect of parties defendant. It is said that Rosa E. Trone is not only a proper, but a necessary, party. It is not alleged in the complaint that Rosa E. Trone actively participated in the fraud and deceit. The fraud and deceit alleged as grounds for recovery were fraud and deceit practiced by appellant's agent, which induced her to exchange her Texas property for the Arkansas land. Therefore, it is apparent that Rosa E. Trone is not a necessary party under the allegations of the complaint. Even if there had been an allegation that she participated in the fraud, they would have both been wrongdoers under the allegation and could have been sued either jointly or severally like other joint tort-feasors. 2 C. J. section 607.

For the error indicated, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.