DISTILLERS FACTORS CORPORATION, Plaintiff, *v.* COUNTRY DISTILLERS PRODUCTS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, March 24, 1947.

*Louis Halle* for plaintiff.

*Ambrose V. McCall* and *John P. Boland* for Foster & Company, movant.

EDER, J. A warrant of attachment was issued against the property of the defendant Country Distillers Products, Inc. (hereafter called defendant or corporate defendant); the warrant was served on Foster & Company, not a party to the action; it moves, under the provisions of section 948 of the Civil Practice Act to vacate and annul the warrant of attachment and levy and service thereunder, or in the alternative to direct the plaintiff to file an undertaking in addition to the undertaking heretofore given by plaintiff.

The papers upon which the warrant of attachment was granted are fully sufficient. Both plaintiff and the corporate defendant are foreign corporations; the plaintiff sues to recover damages for breach of a written contract made and executed in the city of New York and plaintiff may therefore maintain this action (General Corporation Law, § 225, subd. 1).

The attachment affidavit alleges " That this action is based upon a written agreement between plaintiff and defendant corporation, made and executed in the City and State of New York " (giving the details thereof). This is an allegation of fact and not a legal conclusion. " Fact " is knowledge; it is, also, an actuality — what has taken place (*Eastern States Petroleum Co.* v. *Universal Oil Products Co.*, 24 Del. Ch. 11; *Churchill* v. *Meade*, 92 Ore. 626; Restatement, Contracts, § 470, comment b). " Facts are actualities. They are what took place * * *." (*Churchill* v. *Meade, supra,* p. 636.)

The allegation that the contract was made and executed in the city and State of New York, is a statement of fact. The supplemental affidavit is properly submitted, though it is unnecessary, because the original affidavit is jurisdictionally sufficient without it. In any event the supplemental affidavit does not relate to any matter pertaining to defect of jurisdiction; it merely states the particular place in the city of New York where the contract was signed, viz., in the Empire State Building, in the borough of Manhattan, city, county and State of New York, at the office of the United Distillers of America, in the said building. Such a supplemental allegation is permissible (*Brandley* v. *American Butter Co.*, 60 Misc. 547, affd. on this point but revd. on other grounds, 130 App. Div. 899).

The contract consists of two writings in the form of letters, one dated April 8, 1946, and the other dated July 9, 1946, the latter expressly referring to the former. Both, of course, are to be construed and read together (55 C. J., Sales, § 171, and cases there cited).

The contract was a sale to plaintiff by the corporate defendant of the goods particularly described in the letter of April 8, 1946: staves and headings; by its very terms defendants Frazier and Wright " sold " the described property and title thereto vested *eo instanti* in the buyer and this merchandise the corporate defendant, in turn, sold to the plaintiff as shown by the letter of July 9, 1946, and plaintiff paid the corporate defendant the full consideration therefor, to wit, $17,317.12. A duty and obligation were thereupon imposed on the corporate defendant, as seller, to deliver the goods to the plaintiff (*Gray* v. *Walton,*

107 N. Y. 254; *Greenfield, Inc.*, v. *Herrman,* 72 Misc. 406) and the allegation is that the corporate defendant has failed, neglected and refused to make delivery.

The attachment is sought to be vacated on the original papers and all the allegations therein thus stand admitted.

The movant makes the contention that the agreement sued on is a mere naked assignment and that it does not contain any warranty of performance and hence the defendant is under no promise or duty to make delivery. This is an erroneous view.

The instrument is much more than a mere naked assignment; it evidences a *sale.* The corporate defendant had absolute title to the goods sold to it by Frazier and Wright; it sold the identical goods to the plaintiff and received full payment therefor. Thereupon, as mentioned, there arose a duty and obligation on the part of said corporate defendant to deliver. It is as much the duty of the seller to deliver as for the buyer to accept and pay for the goods (*Gray* v. *Walton, supra; Speyer* v. *Colgate,* 67 Barb. 192).

The mere fact that the letter of July 9, 1946, uses the term " assignment " instead of " sale " or " sold ", is immaterial; the characterization of an instrument is not controlling. As said in *American Dock Co.* v. *City of New York* (174 Misc. 813, 823, affd. 261 App. Div. 1063, affd. 286 N. Y. 658): " But while so describing the nature of the contract the mere characterization thereof is not at all conclusive, but its true nature is to be determined from the whole contract in its true light and not from its characterization merely."

This was a transaction between laymen who used expressions as businessmen understand them to mean. As said by CARDOZO, Ch. J., in *Outlet Embroidery Co.* v. *Derwent Mills* (254 N. Y. 179, 183): " They are to be read as business men would read them * * *." Such is the settled rule (55 C. J., Sales, § 172, and cases there cited).

The letter of July 9, 1946, states payment to the corporate defendant of $17,317.12 is being made by plaintiff simultaneously with the signing of the contract, " in full consideration of the assignment to us by Country Distillers Products, Inc., of all right, title, interest in and to said staves and headings. Signing of a copy of this letter by you shall constitute an agreement between us and evidence the aforesaid assignment by Country Distillers Products, Inc. of its rights aforesaid ". It is signed by the corporate defendant, as follows: " The foregoing is accepted ".

The plain purport of this is a *sale* by the corporate defendant to the plaintiff of merchandise, "staves and headings", and that defendant parted with all its right, title and interest therein. Suppose the word "sale" had been used instead of "assignment", it would read "in full consideration of the *sale* to us" (plaintiff) and that the signing of the letter was evidence of the aforesaid "sale".

It is self-evident that plaintiff was not purchasing a mere "chose in action", but had bought specifically described goods, particularly described and enumerated in the letter of April 8, 1946. Regardless of the characterization "assignment", the true nature, determined from the whole contract, in its true light, and not mere nomenclature controls (*American Dock Co.* case, 174 Misc. 813, 823, *supra*).

"A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price." (Personal Property Law, § 82, subd. 2.) A sale is distinguished from an assignment in that in the case of a sale title passes to the whole property, as it did here (*Griffey* v. *New York Central Ins. Co.*, 100 N. Y. 417, 422; *Silver & Goldstein* v. *Chapman*, 163 Ga. 604). "Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed", unless a different intention appears (Personal Property Law, § 100, rule 1), and no different intention appears here.

An outright assignment of property is a sale (*Quintana Petroleum Co.* v. *Commissioner of Internal Revenue*, 143 F. 2d 588, 591). The word "assignment" for all practical purposes in the contract means the same as "sale" and it was ample to convey the interest intended to be transferred (*Ross* v. *Morrimac Veneer Co.*, 129 Misc. 693).

Plaintiff alleges it paid the corporate defendant $17,317.12 and it alleges its damage to be the loss of that sum. That is sufficient.

For the foregoing reasons the motion to vacate the warrant of attachment and levy and service thereunder, is denied.

However, the applicant moves, in the alternative, to increase the amount of the undertaking given by plaintiff upon procuring the granting of the warrant of attachment.

While no facts are presented by the movant in this connection, there appears to be no objection by plaintiff. No facts are

given by the movant as to the extent of any increase but it is seemingly felt that some increase should be ordered.

Section 907 of the Civil Practice Act, so far as here pertinent, declares: "The sum specified in the undertaking shall be such as the court, justice or judge thereof granting the warrant may, in its or his discretion, approve, not less than two hundred and fifty dollars, but nothing herein shall be construed to preclude a full and complete reconsideration of the sufficiency of said sum upon an application to increase the sum as hereinafter provided."

Upon reconsideration the court is of opinion that some increase should be ordered considering that the corporate defendant is a foreign corporation and will be obliged to come here from the State of Kentucky, to defend, and will incur some measure of expense, but the court has not been supplied with any information as to the extent or nature of the same and in the absence thereof the plaintiff will be required to furnish a further undertaking in the additional sum of $2,500. Settle order.