Vincent A. Lupiano, J.
This is a motion to vacate a warrant of attachment and levy made thereunder. Defendant appears specially and submits no affidavits.
The present motion does not challenge the propriety of the subject matter of the first three causes of action, as the basis for an attachment under the Civil Practice Act, but does question the fourth cause of action in that respect, contending that in fact it is a cause of action in equity; that while asking for a sum of money, plaintiff actually seeks a rescission of its employment contract with the defendant because of fraud in the inducement, and the cause is therefore equitable in nature. Defendant contends this cause bars attachment herein. His position is based on the rule that when attachment rests upon one or more causes of action, all must be of such nature as to authorize attachment; *40 otherwise, the right of attachment is lost (Corcoran & Koslelanetz v. Dupuy, 15 Misc 2d 462; Brown v. Chaminade Velours, 176 Misc. 238, affd. 261 App. Div. 1071; Union Consolidated Min. Co. of Tennessee v. Raht, 9 Hun 208, appeal dismissed 68 N. Y. 629), Defendant’s legal theory, however, does not apply to the cause of action in dispute.
On this motion, the truth of all the facts will be assumed (United States v. Brown, 247 N. Y. 211, 217; Distillers Factors Corp. v. County Distillers Prods., 189 Misc. 497); moreover, the papers on which the warrant was granted must be liberally construed in favor of the plaintiff and every legitimate inference from the facts shown must be drawn in its favor (Coakley v. Rickard, 136 App. Div. 489, 490; see, also, Ecco High Frequency Corp. v. Amtorg Trading Corp., 81 N. Y. S. 2d 610).
It is incumbent upon plaintiff to show that the action is for “ the recovery of a sum of money only ” (Civ. Prac. Act, § 902; Levin v. Frank, 5 Misc 2d 564), and when the facts are in dispute the courts are liberal in not requiring the plaintiff to present an unassailable case (Bernstein v. Van Heyghen Freres Societe Anonyme, 163 F. 2d 246).
The fourth cause of action alleges that defendant was employed by plaintiff as a buyer of diamonds and that defendant fraudulently represented that he would give plaintiff his exclusive, honest and faithful services and would execute his position of trust with sole regard to plaintiff’s rights and interests ; that after termination of defendant’s services, plaintiff learned for the first time that defendant was receiving from manufacturers and suppliers, from whom he purchased diamonds for plaintiff, secret commissions, discounts, bribes, kickbacks, gifts, gratuities and bonuses; that during the period of defendant’s employment, plaintiff paid defendant compensation of about $250,000; that same was received without adequate consideration by reason of defendant’s fraud. Said sum is sought to be recovered herein, in addition to the recovery of $100,000 on account of the alleged illegal gains.
It is obvious that defendant’s alleged unfaithfulness is the basis of the fourth cause of action by which plaintiff seeks to recover the compensation paid. By a fair reading thereof, it is basically one for money had and received and for the recovery of a sum of money only, for
“ Not only must the employee or agent account to his principal for secret profits but he also forfeits his right to compensation for services rendered by him if he proves disloyal ” (Lamdin v. Broadway Surface Advertising Corp., 272 N. Y. 133, 138). Pertinently, too, “An agent is held to uberrima fides in his *41 dealings with his principal, and if he acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal, as to forfeit any right to compensation for services ” (Murray v. Beard, 102 N. Y. 505, 508; and see, also, Palmer v. Pirson, 4 Misc. 455, affd. 144 N. Y. 654; Paroquette Record Mfg. Co. v. Pfaff, 164 N. Y. S. 695).
Possession of specific property was sought in Olsen v. United States Fid. & Guar. Co. (230 N. Y. 31). What is sought here are moneys had and received. Hence, the Olsen case, urged by this defendant in classifying this cause as an equitable action, is inapposite, and if rescission of the contract is involved it is merely a theoretical indulgence and incident, which does not alter the character of the action. More importantly, no affirmative equitable relief is needed to effect the primary relief requested. Therefore, so long as plaintiff confines itself to a demand for money only, it cannot be held to have pleaded a cause of action incapable of sustaining an attachment. In these circumstances, and with adequate support, plaintiff is entitled to hold its attachment. Accordingly, the motion is denied.